400 So.2d 284 (1981)
Gates W. CARLISLE, Jr., Plaintiff-Appellee-Appellant,
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant-Appellee.
No. 8186.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Rehearing Denied July 8, 1981.
*285 William T. Kivett and Wm. J. Doran, Baton Rouge, for defendant-appellant-appellee, State, Dept. of Transp. & Dev.
Neblett & Weeks by Robert B. Neblett, Jr., Alexandria, for plaintiff-appellee-appellant.
McClure & McClure by John G. McClure, Alexandria, for defendant-appellee and plaintiff-appellant, U. S. Fidelity & Guaranty Co.
Kennedy & Yeager by Ralph W. Kennedy, Alexandria, for defendant-appellee, Maryland Cas. Co.
Trimble, Randow, Smith & Wilson, Harry F. Randow, Alexandria, for defendant-appellee, Hartford Acc. & Indem. Co.
Gist, Methvin, Hughes & Munsterman by H. B. Gist, Jr., Alexandria, for plaintiff-appellee, James Beeson.
Before GUIDRY, FORET and CUTRER, JJ.
CUTRER, Judge.
This is a companion suit to the suits of Beeson, Jr., et al. v. State of Louisiana, through the Department of Transportation and Development, 400 So.2d 278 (La.App. 3rd Cir. 1981), and United States Fidelity & Guaranty Company v. State of Louisiana, through the Department of Transportation and Development, 400 So.2d 287 (La.App. 3rd Cir. 1981). The facts are set forth in the former case.
In the instant suit the trial court granted judgment in favor of Carlisle and against the State of Louisiana, through the Department of Transportation and Development (Department) for $90,000.00. That court also dismissed Carlisle's claim against Maryland Casualty Company (Maryland), the liability carrier of Mrs. Ollie Beeson, and the two underinsured motorists carriers, Hartford Accident & Indemnity Company (Hartford) and United States Fidelity & Guaranty Company (U. S. F. & G.). Judgment was further rendered in favor of U. S. F. & G. and against the Department for $5,868.00. No mention was made in this judgment of Maryland's third party demand against the Department for $2,100.00 in collision benefits.[1]
*286 The Department appeals as to both liability and quantum. Carlisle appeals that portion of the judgment dismissing his claim against the three insurers. U. S. F. & G. appeals the dismissal of its alternative demand for indemnity against Maryland, the Estate of Christine Ollie Beeson and/or James Stanley Beeson, Jr., James Stanley Beeson, III, and Lorraine Fay Beeson Dove.
For the reasons assigned in Beeson, et al. v. State of Louisiana, through the Department of Transportation and Development, we find that the Department is not liable and the judgment making an award to Carlisle against the Department shall be reversed. Also, for those reasons, the Department cannot be held liable for the third party demand of Maryland for the $2,100.00 claimed by Maryland for collision insurance paid to Beeson.
This appeal leaves three additional issues for determination:
(1) Whether Carlisle is entitled to recovery against any or all of the defendant insurers;
(2) If Carlisle is entitled to any such recovery, is U. S. F. & G. entitled to indemnity from Maryland and the Beesons; and
(3) Is the award of $90,000.00 for Carlisle's injuries excessive.
As to the question of whether Carlisle is entitled to recovery against any of the defendant insurers, they being Maryland, liability insurer of Mrs. Beeson; U. S. F. & G. and Hartford, both uninsured motorist carriers for Carlisle, we conclude that Carlisle is not entitled to recovery from any of these insurers as he has no cause of action against these insurers under the immunity provisions of the workmen's compensation act.
It is clear from the record that Carlisle and Mrs. Beeson were both employed by Central State Life Insurance Company and that the accident occurred in the course and scope of that employment. The two parties had just left a residence where they had called for the purpose of selling insurance and were returning to where Carlisle had left his car earlier that day. Further, although the automobile being driven by Mrs. Beeson was owned by her, she was given an allowance for the expenses of travel by her employer.
In 1976, the Louisiana Worker's Compensation Law, LSA-R.S. 23:1032, was amended, extending tort immunity to the fellow employee of the injured worker. That, in pertinent part, reads as follows:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease...."
In the case of Kelley v. M and M Dodge, Inc., 370 So.2d 1267 (La.App. 3rd Cir. 1979), writ denied, 374 So.2d 660 (1979), we held that an employer's insurer was immune from suit in tort for work related injury just as is the employer. In doing so we relied in part on LSA-R.S. 23:1166 which provides expressly that where an injury falls within the ambit of the compensation scheme, compensation is the exclusive remedy against either the employer or the compensation insurer. We also stated therein that the existence of liability coverage for the employer does not create a cause of action in tort against either the employer or its insurer. The same is true of the existence of liability coverage for a fellow employee. *287 Where applicable the exclusive remedy provisions of LSA-R.S. 23:1032 abolished the worker's cause of action in tort. Green v. Liberty Mut. Ins. Co., 352 So.2d 366 (La.App. 4th Cir. 1977), writ ref'd, 354 So.2d 210 (1978).
Consequently, the defense of tort immunity under the compensation statute is not personal to the immune party but can be invoked by his insurer sued under the direct action statute. Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La.App. 2nd Cir. 1939). Under this reasoning, Carlisle would have no cause of action against Maryland, the liability insurer of Mrs. Beeson.
This same reasoning applies to Carlisle's claim against his uninsured motorist carriers, U. S. F. & G. and Hartford. Uninsured motorist coverage is contingent upon there being liability by an uninsured or underinsured motorist. Since Carlisle has no cause of action in tort against Mrs. Beeson, no liability by Mrs. Beeson could arise. Thus, no cause of action exists against Carlisle's uninsured or underinsured motorist carriers, U. S. F. & G. and Hartford.
Due to the conclusions reached herein there is no necessity to discuss the remaining two issues.
For the reasons assigned, the judgment of the trial court in favor of Gates Carlisle, Jr., and against the State of Louisiana, through the Department of Transportation and Development awarding Carlisle $90,000.00, with interest, is reversed, set aside, and is hereby dismissed.
For the reasons set forth in the companion case of United States Fidelity & Guaranty Company v. State of Louisiana, through the Department of Transportation and Development, that portion of the trial court judgment in favor of United States Fidelity & Guaranty Company and against the State of Louisiana, through the Department of Transportation and Development awarding United States Fidelity & Guaranty Company $5,868.00 is reversed, set aside, and is hereby dismissed.
Otherwise, than as herein reversed, the judgment of the trial court is affirmed.
Plaintiff-appellee is to pay all costs of appeal and in the trial court.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] The judgment of $5,868.00 reflects reimbursement of medical benefits paid by U. S. F. & G. on behalf of Carlisle and should properly be a part of the disposition of the case of United States Fidelity & Guaranty Company v. State of Louisiana, through the Department of Transportation and Development. We will dispose of this ruling in this case, however.

Judgment in favor of Maryland and against the Department for $2,000.00 was inserted in the judgment of the consolidated case of Beeson, et al. v. State of Louisiana, through the Department of Transportation and Development. This court ruled upon this issue in the Beeson case where we reversed and dismissed this demand.