CUTRER, Judge.
This is a companion suit to Gates Carlisle, Jr. v. State of Louisiana, through the Department of Transportation and Development, 400 So.2d 284 (La.App. 3rd Cir. 1981), and James Stanley Beeson, Jr., et al. v. State of Louisiana, through the Department of Transportation and Development, 400 So.2d 278 (La.App. 3rd Cir. 1981). The facts are set forth in the latter case.
In the instant suit United States Fidelity & Guaranty Company (U. S. F. & G.) sued the State of Louisiana, through the Department of Transportation and Development (Department), the Estate of Christine Ollie Beeson, James Beeson, Jr., James Beeson, III, and Lorraine Fay Beeson Dove, seeking reimbursement of payments it made as Central Louisiana State Life Insurance Company’s compensation carrier. Those payments included medical expenses of Mr. Gates Carlisle, Jr., and death benefits paid to Mr. James Beeson, Jr.
The trial court granted judgment in favor of U. S. F. & G. and against the Department in the amount of $14,172.00. The judgment also ordered payment of same by preference from awards to Carlisle and Beeson. The trial court judgment also gave U. S. F. & G. credit against future compensation benefits up to $90,000.00.[1]
Having found the Department free of negligence for the reasons assigned in James Stanley Beeson, Jr., et al. v. State of Louisiana, through the Department of Transportation and Development, the trial court judgment rendered herein shall be reversed, set aside and dismissed.
As to the liability of Mrs. Beeson’s succession and heirs to U. S. F. & G. for compensation payments made to Carlisle, such is contingent upon whether Mrs. Beeson could have incurred any liability for her negligence. The right of the employer or his insurer for reimbursement of payments made under our compensation statutes is limited to cases where the injury creates a legal liability to pay damages in some third person. LSA-R.S. 23:1101. A third person is one against whom recovery is not barred by LSA-R.S. 23:1032. Recovery against *289 Mrs. Beeson is barred by that statute because she was Carlisle’s co-employee. Since there was no cause of action against Mrs. Beeson, no legal liability to pay damages could have arisen in her succession or her heirs. Thus, LSA-R.S. 23:1101 creates no right to reimbursement to U. S. F. & G. from the Beesons. The trial court properly dismissed such claim. (This was affirmed in the companion Beeson case.)
For the reasons assigned, the judgment of the trial court herein is reversed, set aside, and is hereby dismissed. Plaintiff-appellee is to pay all costs of this appeal and in the trial court.
REVERSED AND RENDERED.

. The judgment made no reference to U. S. F. & G.’s claim against the Beesons. The trial court’s ruling on this issue was erroneously inserted in the judgment of the companion case of James Stanley Beeson, Jr., et al. v. State of Louisiana, through the Department of Transportation and Development. It was ruled upon by this court in the Beeson case where we affirmed said dismissal. The reasons for this dismissal shall be set forth herein.