467 So.2d 44 (1985)
Theodore C. LEE, Jr.
v.
ALLSTATE INSURANCE CO., et al.
No. CA-2462.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Rehearing Denied April 26, 1985.
Writ Denied June 27, 1985.
*45 Louis B. Merhige, and Vincent J. Glorioso, Jr., Dennis J. Phayer, Glorioso, Welcker & Zaunbrecher, New Orleans, for plaintiff-appellant Theodore C. Lee, Jr.
Felicien P. Lozes, New Orleans, for third party defendants-appellees Allstate Ins. Co. and Sidney H. Gaudet.
Burt K. Carnahan, Sidney J. Angelle, Lobman & Carnahan, Metairie, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before GULOTTA, SCHOTT and KLEES, JJ.
KLEES, Judge.
Plaintiff, Theodore C. Lee, Jr., appeals from the granting of motions for summary judgment filed by the defendants, Sidney Gaudet, Allstate Insurance Company and State Farm Insurance Company. On May 7, 1981, plaintiff was injured in an automobile accident while a passenger in Mr. Gaudet's vehicle. At the time the accident occurred, both Lee and Gaudet were employees of Tilston-Roberts Corporation, which has its offices in the ITM Building on Canal Street in New Orleans. On the day of the accident, Lee and Gaudet left their offices in mid-afternoon to attend a business meeting at the offices of Neeb-Kearney, Inc. on North Galvez Street. They took Gaudet's car to the meeting. After their business was concluded, they left Neeb-Kearney and were proceeding back to the ITM parking garage, where Gaudet intended to park his car and return to work, and Lee intended to pick up his car and drive home. The accident occurred enroute to the garage.
As a result of the accident, Lee sued Gaudet, Allstate (Gaudet's insurer) and State Farm (Lee's own uninsured motorist carrier). All three defendants moved for summary judgment on the grounds that, because Lee and Gaudet were co-employees acting in the course and scope of their employment at the time of the accident, plaintiff's exclusive remedy is worker's compensation. After considering the pleadings, the depositions of Lee and Gaudet, and the affidavit of their superior, Captain William Cronin, the district court granted the motions for summary judgment. We affirm.
Several undisputed facts are pertinent to our decision. Tilston-Roberts is in the freight-forwarding business. Plaintiff Lee, as Regional Manager of Gulf Operations, was on call twenty-four hours a day, seven days a week. For this purpose, he carried a company radio at all times. At the time of the accident, although he considered his normal workday to be over and was planning to return home, Mr. Lee was taking a *46 briefcase full of papers home with him, as well as his radio beeper.
Tilston-Roberts supplied both Lee and Gaudet with a monthly allowance to cover the operation of their personal automobiles, which they were expected to have available at all times for business use. In addition, the company provided parking to both employees at the ITM garage adjacent to their offices.
Plaintiff contends that because he intended to go home after the meeting at Neeb-Kearney and was on his way to pick up his car, he was no longer in the course and scope of his employment at the time of the accident. We disagree. After reviewing the law on this subject, we find that, under the circumstances of this case, the plaintiff would be considered in the course and scope of his employment even assuming that, as he claims, his work was finished for the day and he was merely traveling home.
Generally, for worker's compensation purposes, an employee is not considered to be in the course and scope of his employment while traveling to and from work. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975). However, it has been repeatedly held that, when the employer either furnishes the means of transportation or pays the employee for the use of his personal vehicle, the employee is within the course and scope of his employment while going to and from work. Carlisle v. State Department of Transportation and Development, 400 So.2d 284 (La. App. 3rd Cir.1981), writ denied 404 So.2d 1256 (La.1981); Prothro v. Louisiana Paving Co., Inc., 399 So.2d 1229 (La.App. 3rd Cir.1981), writ denied 404 So.2d 278 (La. 1981); Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2d Cir. 1980), writ ref., 385 So.2d 793 (La.1980); Miller v. Lake Forest, Inc., 370 So.2d 647 (La.App. 4th Cir.1979). The Carlisle case is especially pertinent, as the facts are nearly identical to those of the instant case. In Carlisle, supra, the Third Circuit held that the employee of a life insurance company, who was injured while riding in a fellow employee's car after they had left a residence where they had gone to sell life insurance, was injured in the course and scope of his employment. At the time of the accident, the two employees were returning to where the plaintiff had left his car earlier in the day. In deciding that the plaintiff was limited to a claim for worker's compensation, the court noted that the employee who had been driving was given a regular allowance for travel expenses by the life insurance company. Id. at 286. In another case, it was held that an employee was in the course and scope of his employment when he was injured in a one-vehicle accident that occurred while he was returning home in his truck after his supervisor had terminated his duties for the day, on the basis that the employee was reimbursed by his employer for the gas, maintenance and monthly rental of his truck. Prothro v. Louisiana Paving Co., Inc., supra.
Similarly, this court has previously held that an air conditioning repairman who took his employer's van home at night was in the course and scope of his employment while traveling from a restaurant, where he had stopped after making his last call for the day, to his home. Miller v. Lake Forest, Inc., supra. Finally, the Supreme Court has held that an oil field driller was injured in the course and scope of his employment when he was being driven to work in the morning by a crew member whose car went out of control. Stephens v. Justiss-Mears Oil Co., supra. The court found that, although the driller did not start earning pay until he reached the drilling site, his voluntary organization of a carpool arrangement for the crew members was a means of fulfilling his employment obligation to make sure the crew arrived at work on time. Id. at 295.
In view of this jurisprudence, we find that the trial judge was correct in granting summary judgment to the defendants herein. The plaintiff has failed to show even one fact in dispute that would make summary *47 judgment inappropriate in this case. Applying the law to the undisputed facts, we find that the plaintiff was clearly within the course and scope of his employment at the time of the accident, and is therefore limited to a claim for compensation under LSA-R.S. 23:1032.
Alternatively, plaintiff argues that even if he is found to have been within the course and scope of his employment, the trial court erred in allowing the insurers, Allstate and State Farm, to avail themselves of the tort immunity that the worker's compensation statute provides to his co-employee, Gaudet. This argument is also without merit. It is well-settled that the tort immunity granted the employer and co-employees under R.S. 23:1032 is a general defense, rather than a personal defense available only to those parties. Davis v. Allstate Ins. Co., 452 So.2d 310 (La.App. 2d Cir.1984), writ denied, 457 So.2d 1194 (La.1984); Mayfield v. Casualty Reciprocal Exchange, 442 So.2d 894 (La. App. 3rd Cir.1983), writ denied, 445 So.2d 1230 (La.1984); Fox v. Commercial Union Insurance Co., 413 So.2d 679 (La.App. 3rd Cir.1982); Carlisle v. State, supra; Gray v. Margot, Inc., 408 So.2d 436 (La.App. 1st Cir.1981). In Carlisle, it was held that the tort immunity granted to a co-employee under the worker's compensation law could be asserted by that employee's insurer, as well as plaintiff's uninsured motorists insurer, whereas the remaining cases each hold that such immunity can be asserted by the injured employee's uninsured motorist carrier. See Workers Compensation, Developments in Law, 1981-1982, H. Alston Johnson, 43 La.L.R. 629-632. Therefore, the trial judge was correct in granting summary judgment to Allstate and State Farm.
For the foregoing reasons, we affirm the summary judgments dismissing the claims of plaintiff against defendants Gaudet, Allstate and State Farm. All costs to be borne by appellant.
AFFIRMED.