# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01839-SCT

*ROBERT E. WACHTLER*
*v.*

*STATE FARM MUTUAL AUTOMOBILE*
*INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2001 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BEN F. GALLOWAY |
| ATTORNEY FOR APPELLEE: | JAMES F. STEEL |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 01/16/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### CARLSON, JUSTICE, FOR THE COURT:

¶1.     Robert E. Wachtler, a city employee struck by a city truck operated by another city employee, appeals from the Hancock County Circuit Court's grant of summary judgment which held he was not entitled to receive uninsured motorist benefits under insurance policies issued to Wachtler by State Farm Mutual Automobile Insurance Company ("State Farm"). Finding that the circuit court correctly held Wachtler was not legally entitled to recover from his co-employee, we affirm the circuit court's grant of summary judgment in favor of State Farm.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. On February 11, 2000, Robert E. Wachtler, an employee of the City of Waveland, was struck by a city truck operated by Kevin Gillum, Wachtler's co-employee. As a result of his injuries, Wachtler asserted a workers' compensation claim against the City of Waveland. Wachtler also asserted a claim against State Farm, his personal insurer, for uninsured motorist (UM) coverage under two family policies. After an investigation, State Farm determined both Gillum and the City of Waveland to be immune from tort liability to Wachtler under the provisions of the Mississippi Tort Claims Act[1] and the Mississippi Workers' Compensation Act,[2] respectively. State Farm, therefore, denied Wachtler's claims concluding Wachtler was not legally entitled to recover damages from the owner or operator of an uninsured motor vehicle.

¶3. Section III Coverage U of State Farm's policy provides:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be caused by [an] accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

(emphasis in original).

¶4. On November 21, 2000, State Farm filed its complaint in this action seeking declaratory relief pursuant to M.R.C.P. 57. Wachtler answered the complaint alleging Gillum to be an uninsured motorist which would, therefore, permit Wachtler to receive UM benefits under the contracts of insurance maintained with his insurer, State Farm.

¶5. State Farm moved for summary judgment stating that because Wachtler was not legally entitled to recover from Gillum, his co-employee, Wachtler should not be able to pursue a claim under his UM

---

[1]Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002).

[2]Miss. Code Ann. §§ 71-3-1 to -129 (Rev. 2000 & Supp. 2002).

coverage.  After a hearing, the circuit court granted State Farm's motion for summary judgment, holding that since Wachtler was precluded from legally recovering from Gillum, State Farm had no obligation to pay UM benefits to Wachtler.

¶6.     Following the order of the circuit court, Wachtler timely filed his appeal raising only one issue, that being whether the circuit court erred in granting State Farm's motion for summary judgment.

### DISCUSSION

¶7.     This Court employs a de novo standard in reviewing a trial court's grant of summary judgment. ***Short v. Columbus Rubber & Gasket Co.***, 535 So.2d 61, 65 (Miss. 1988). Summary judgment may only be granted where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R.C.P. 56(c). The trial court must carefully review all evidentiary matters in the light most favorable to the non-moving party. ***Brown v. Credit Ctr., Inc.,*** 444 So. 2d 358, 362 (Miss. 1983). If in this view, the moving party is entitled to judgment as a matter of law, summary judgment should be granted. ***Id.***

¶8.     In support of his argument that summary judgment was improperly granted, Wachtler states  his claim for uninsured motorist benefits for his work-related injury is not barred by the exclusive remedy provision of the Workers' Compensation Act.  State Farm, however,  argues the facts of the case sub judice are analogous to ***Medders v. United States Fidelity & Guaranty Co.***, 623 So. 2d 979 (Miss. 1993), where this Court held the exclusivity provision of the Workers' Compensation Act barred recovery under the employer's uninsured motorist coverage. Therefore, State Farm asks this Court to apply the same law to the case at bar because Wachtler's entitlement to UM benefits should not be determined by his own purchase of insurance, but instead by whether he may legally recover from Gillum.

3

¶9.     In *Medders*, an ambulance operated by an employee of Williams Ambulance Service ("Williams") collided with a truck. *Id.* at 980. Oswalt, the driver, and his co-employee, Medders, were transporting a patient to the hospital at the time of the accident. *Id.* All passengers in the ambulance were killed. *Id.* At the time of the accident, USF&G issued a business automobile liability insurance policy to Williams. *Id.* USF&G filed an interpleader action in order that all claimants could assert their rights to the amounts due under the terms and provisions of the policy. *Id.* at 980-81. The heirs of Medders filed a counterclaim alleging that the driver's actions were so grossly negligent that they were removed from the exclusion found in the Workers' Compensation Act. *Id.* at 981. The counterclaim also stated that UM benefits should be available to the heirs. *Id.*

¶10.    Because the policy contained certain exclusions, USF&G argued that according to Mississippi law, UM benefits would not have been available to Medders had he lived; therefore, they were not available to his heirs. *Id.* USF&G filed a motion for summary judgment asserting that Medders' heirs were limited to workers' compensation benefits. *Id.* The circuit court found there were no genuine issues of material fact and granted summary judgment in favor of USF&G. *Id.* at 982.

¶11.    The issue before this Court in *Medders* was whether the exclusivity clause of the Workers' Compensation Act barred recovery under an employer's UM coverage where the uninsured motorist was uninsured only because he was a fellow employee acting in the course and scope of his employment. *Id.* 980. The Court determined this analysis would depend upon the interpretation of "legally entitled to recover." *Id.* USF&G argued because the uninsured motorist was a co-employee, the heirs were barred by the exclusivity clause of the Workers' Compensation Act and the policy itself. *Id.* at 983.

4

¶12.    Section 71-3-9, the exclusivity provision of the Workers' Compensation Act, states in pertinent part:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death.

Section 83-11-101(1), the uninsured motorist statute, provides:

> No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance; however, at the option of the insured, the uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance of the insured or such lesser limits as the insured elects to carry over the minimum requirement set forth by this section. The coverage herein required shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.

¶13.    Following *Perkins v. Insurance Co. of North America*, 799 F.2d 955 (5th Cir. 1986), where the Fifth Circuit applied Mississippi law and determined under the Mississippi Workers' Compensation Act's exclusive remedy statute that an employee is not legally entitled to recover from an employer or co-employee any damages the employee sustains, and thus was not entitled to UM benefits from the insured, this Court determined there was no person from whom the Medders were legally entitled to recover damages pursuant to the UM statute. *Medders,* 623 So. 2d at 988. This Court held the clear meaning of

5

"legally entitled to recover" limited the scope of coverage to those instances where the insured would be entitled at the time of the injury to recover through legal action. *Id.* at 989.

¶14.    Like the heirs in *Medders*, Wachtler compares his case to *Barfield v. Barfield*, 742 P.2d 1107 (Okla. 1987), where the Oklahoma Supreme Court allowed UM coverage despite immunity created by workers' compensation. In *Barfield*, a widow, whose husband was killed in the scope of his employment in an accident allegedly caused by his co-employee, brought a wrongful death action against the co-employee's estate and against her husband's insurer for UM benefits. *Id.* at 1109. Because the court found she was not legally entitled to recover any damages from the co-employee, the court held the exclusivity provision of the Workers' Compensation Act barred the widow's suit against her husband's co-employee. *Id.* at 1111.   However, the court also held the status and actions of the tortfeasor were irrelevant and did not bar the widow's claim against her husband's insurer. *Id.*   To reach this conclusion, the Oklahoma Supreme Court determined:

> An uninsured motorist carrier does not stand in the tortfeasor's shoes and the conditions for recovery under an uninsured motorist policy can be satisfied even if the insured cannot prove all the elements of the tort against the uninsured. *Uptegraft v. Home Insurance Company*, 662 P.2d 681 (Okl.1983) at 685 states:
>
> > The words "legally entitled to recover" simply mean that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages.

*Barfield*, 742 P.2d at 1112. The holding of the Oklahoma Supreme Court is contrary to a majority of the jurisdictions in this country and to this Court's holding and interpretation of "legally entitled to recover" in *Medders*.

¶15.    Wachtler's reliance on *Barfield* is misplaced. By using a different analysis and a different interpretation of "legally entitled to recover" than the one adopted by this Court in *Medders*, the *Barfield*

6

court held an uninsured motorist does not stand in the shoes of the tortfeasor; and therefore, it found that the widow's claim against her husband's insurer would not be barred by the exclusivity provision of the Workers' Compensation Act.

¶16.    This Court does not agree that the contrary standard in *Barfield* should be followed so as to allow Wachtler to collect UM benefits from State Farm. In *Medders*, this Court stated:

> Indeed, the majority of jurisdictions, which have ruled on the issue with respect to the injured party's policy and all jurisdictions with respect to the employer's policy, have held that the exclusive remedy of worker's compensation bars recovery of UM benefits when the insured is injured by a co-employee. *See, Allstate Ins. Co. v. Boynton*, 486 So.2d 552 (Fla. 1986), rev'ing 443 So.2d 427 (Dist.Ct.App.1984); *Williams v. Thomas*, 187 Ga.App. 527, 370 S.E.2d 773 (1988); *Davis v. Allstate Ins. Co.*, 452 So.2d 310 (La.App. 2 Cir. 1984); *Mayfield v. Casualty Reciprocal Exchange*, 442 So.2d 894 (La.Ct.App.1983); *Gray v. Margot Inc.*, 408 So.2d 436 (La.Ct.App. 1981); *Carlisle v. State Dept. of Transportation and Development*, 400 So.2d 284 (La.Ct.App. 1981); *Webb*, 54 Ohio St.3d 61, 562 N.E.2d 132; *Hopkins v. Auto-Owners Ins. Co.*, 41 Mich.App. 635, 200 N.W.2d 784 (1972); *Kough v. N.J. Auto. Full. Ins.*, 237 N.J.Super. 460, 568 A.2d 127 (A.D. 1990); *Cormier v. Nat. Farmers U. Prop. and Cas.*, 445 N.W.2d 644 (N.D. 1989); *Perkins v. Insurance Co. of North America*, 799 F.2d 955 (5th Cir. 1986) (Applying its perception of Mississippi law); *Hubbel v. Western Fire Ins. Co.*, 218 Mont. 21, 706 P.2d 111 (1985); *Aetna Cas. & Sur. Co. v. Dodson*, 235 Va. 346, 367 S.E.2d 505 (1988); *Peterson v. Kludt*, 317 N.W.2d 43 (Minn. 1982); *Sayan v. United Services Auto. Ass'n*, 43 Wash.App. 148, 716 P.2d 895 (1986) (Holding the opposite of the *Baldwin* with respect to the Feres doctrine.)

623 So. 2d at 986-87.

¶17.    In *Kough*, a passenger, who was injured by the negligence of her co-employee, filed suit to compel her personal insurer to arbitrate her claim to UM benefits. 568 A.2d at 128. The insurance company denied UM benefits after determining the plaintiff was not legally entitled to recover from her co-employee. *Id.* The New Jersey Superior Court, Appellate Division, agreed and held because of the workers'

compensation bar, the plaintiff was not "legally entitled to recover" damages from her co-employee, thus she was not entitled to recover UM benefits from her insurer. *Id.* at 132.

¶18. In *Cormier*, the plaintiff, a passenger who was injured in an automobile driven by a co-employee, and her husband filed suit against the co-employee's insurer and their personal insurer claiming they were entitled to UM benefits under both policies. 445 N.W.2d at 645. The Supreme Court of North Dakota held the policy language and statutory language clearly stated that "an insured is entitled to uninsured motorist benefits only if she is 'legally entitled to recover' damages from the owner or operator of an uninsured vehicle." *Id.* at 646.

> We believe that the clear meaning of the language, "legally entitled to recover," imports a condition precedent to the uninsured motorist insurer's obligation that the insured have a legally enforceable right to recover damages from the owner or operator of the uninsured motor vehicle. Because workers compensation is the exclusive remedy for an injured employee against a co-employee, Cormier does not have a legally enforceable right to recover damages from Fankhanel and, therefore, is not "legally entitled to recover."

*Id.*

¶19. Unlike the court in *Barfield*, the courts in *Kough* and *Cormier* adopted the same interpretation of "legally entitled to recover" as this Court later did in *Medders*. In following our decision in *Medders*, as well as the holdings of *Kough* and *Cormier*, and many other jurisdictions which have addressed this precise issue, this Court finds that the exclusivity provision of the Workers' Compensation Act completely bars Wachtler from recovering any damages from his co-employee. Thus Wachtler is not entitled to recover UM benefits from his personal insurer.

## CONCLUSION

¶20. This Court finds it is of no moment whether Wachtler is seeking to recover UM benefits from his personal insurer or from the insurer of his co-employee based upon the legal doctrine of entitlement to

8

recovery. Therefore, based on our ruling in *Medders*, defining "legally entitled to recover," and the various rulings in other jurisdictions with similar interpretations, this Court affirms the ruling of the circuit court which held that Wachtler was not legally entitled to recover any damages from his co-employee and therefore, was not entitled to UM benefits from his personal insurer. The circuit court's judgment is affirmed.

¶21.    **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J.**

**DIAZ, JUSTICE, DISSENTING:**

¶22.    The majority bases its denial of Wachtler's claim on the fact that he is attempting to recover from a co-employee. In my opinion, that description of Wachtler's claim is inaccurate. He is not attempting to recover anything from his co-employee, Kevin Gillum; rather, he is trying to recover from his insurance company. The contract that Wachtler entered into with State Farm was separate from the protections afforded him under the MTCA and the workers' compensation statute. Thus, although these statutes provide his exclusive remedy against the State of Mississippi, they are not his exclusive remedy against State Farm.

¶23.    State Farm's argument, accepted by the majority, is that because Wachtler is not legally entitled to recover from Gillum, he should not be allowed to assert a claim against it. This argument overlooks the fact that, though Wachtler cannot assert a direct cause of action against Gillum, he has been allowed to pursue administrative remedies against the State of Mississippi for Gillum's negligence.

9

¶24. By predicating recovery under a privately-contracted UM insurance contract upon the identity of the tortfeasor's employer, the majority applies a nonsensical distinction. In every case that an insured seeks UM coverage benefits, the tortfeasor will be someone from whom the insured cannot recover. Otherwise, the insured would simply seek recovery from the tortfeasor. Indeed, the very purpose of UM coverage is to provide insureds a means to be reimbursed for the negligence of someone who cannot pay. In most cases, this failure will be the result of a tortfeasor who is insolvent or one who flees the scene of an accident and remains unidentified. However, underinsured motorists, such as Gillum, also fall within the ambit of UM protection.

¶25. Uninsured motorist coverage is designed for the benefit of insureds and not insurers. Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 122:10, at 122-26 (3d ed.1997). The purpose of uninsured motorist coverage is to benefit an insured by making available compensation for his property damage, bodily injuries, or death. ***State Farm Mut. Auto. Ins. Co. v. Daughdrill***, 474 So.2d 1048, 1051 (Miss. 1985). Seeking to take advantage of this benefit, Wachtler contracted with State Farm for UM protection. Now, after dutifully paying his premiums, he has been injured by an underinsured driver. Wachtler has complied with his end of the bargain, but this Court relieves State Farm of its responsibility.

¶26. Wachtler entered into a private insurance contract with State Farm. The State of Mississippi is not a party to that contract. It is not entitled to any of the benefits or protections of Wachtler's contract with State Farm. Likewise, State Farm should not be protected by the exclusivity provision of the Workers' Compensation Act.

¶27. The purpose of the exclusivity provision of the MTCA and the Workers' Compensation Act is to limit the liability exposure of state government and other employers. Because allowing Wachtler to recover

10

from his privately-contracted insurance provider will not increase this exposure, I believe he should be allowed to pursue his claim. Numerous decisions of this Court have held that the uninsured motorist statute is to be liberally construed so as to provide coverage and that exceptions from coverage are to be strictly construed. Because the majority fails to follow this admonition, I respectfully dissent.

**McRAE, P.J., JOINS THIS OPINION.**