858 So.2d 186 (2003)
Willie David STEEN and Willie Mae Steen, Appellants,
v.
METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.
No. 2002-CA-01474-COA.
Court of Appeals of Mississippi.
October 28, 2003.
Walter Beauregard Swain, Greenville, attorney for appellant.
Ronald L. Roberts, Columbus, Berkley N. Huskison, attorneys for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. Willie David Steen and Willie Mae Steen appeal from the Sunflower County Circuit Court's grant of summary judgment which held that the Steens were not *187 entitled to receive uninsured motorist benefits under an insurance policy issued to them by Metropolitan Property and Casualty Insurance Company (Metropolitan). The trial court ruled that because Steen was not legally entitled to recover from his co-employee then he was not allowed to recover uninsured motorist benefits from his personal insurer. Aggrieved by this result, the Steens perfected this timely appeal raising the following issue:
DID THE TRIAL COURT ERR IN FAILING TO PERMIT APPELLANTS FROM COLLECTING UNINSURED MOTORIST BENEFITS UNDER THEIR PERSONAL INSURANCE POLICY AFTER COLLECTING WORKERS' COMPENSATION BENEFITS FROM APPELLANT'S EMPLOYER?

STATEMENT OF THE FACTS
¶ 2. Willie David Steen was an employee of Delta Pride Catfish, Inc. in Sunflower County, Mississippi. William Fikes was a co-employee of Steen at Delta Pride. On August 28, 1998, a truck driven by Fikes rear-ended a truck driven by Steen. Both gentlemen were in the course and scope of their respective employment at the time of the accident.
¶ 3. Fikes was uninsured but Delta Pride carried workers' compensation insurance which provided statutory benefits to Steen. Steen also carried a personal automobile insurance policy with Metropolitan that contained uninsured motorist coverage. Metropolitan did not provide any insurance to Delta Pride. Despite this fact, Metropolitan denied liability claiming that Steen was not legally entitled to recover from his co-employee and that Steen's policy clearly excluded coverage in such a case.
¶ 4. As a result, Steen filed a complaint against Metropolitan and Fikes in the Circuit Court of Sunflower County on August 17, 2001. Both Fikes and Metropolitan filed motions for summary judgment. On May 28, 2002, the court entered a judgment of dismissal as to Fikes under Mississippi Rule of Civil Procedure 54(b). On August 1, 2002, the lower court entered an order granting Metropolitan's motion for summary judgment. On August 28, 2002, Steen filed this appeal.

LEGAL ANALYSIS
¶ 5. When analyzing a trial court's order granting or denying a motion for summary judgment, this Court applies a de novo standard of review. Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996). Summary judgment may only be granted where there are no genuine issues of material fact such that the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). In addition, "the evidence must be viewed in the light most favorable to the party against whom the motion has been made." Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983). With this in mind, we now turn to a discussion of the case.
¶ 6. Steen argues that his claim for uninsured motorist benefits for his work-related injury is not barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act because that Act serves a different purpose than the uninsured motorist statute. Metropolitan argues that under the Mississippi uninsured motorist statute as well as Steen's own insurance policy, Steen is entitled to benefits from Metropolitan only if he is legally entitled to recover damages from the owner or operator of the uninsured vehicle.
¶ 7. The Mississippi uninsured motorist statute provides:

*188 No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance....
Miss.Code Ann. § 83-11-101(1) (Rev.1999).
¶ 8. The record reveals that the Steens's own automobile insurance policy with Metropolitan contained provisions for payment of uninsured motorist coverage and states that "we will pay bodily injury damages, caused by accident arising out of the ownership, maintenance, or use of an uninsured highway vehicle, which you or a relative are legally entitled to collect from the owner or driver of an uninsured highway vehicle."
¶ 9. The Mississippi Workers' Compensation Act states that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee...." Miss.Code Ann. § 71-3-9 (Rev.2000). In addition, the exclusivity provision of the Mississippi Workers' Compensation Act prohibits an employee injured in the course and scope of his employment by the negligence of a co-employee from recovering from that co-employee. Medders v. U.S. Fid. & Guar. Co., 623 So.2d 979, 984 (Miss.1993); Sawyer v. Head, 510 So.2d 472, 476 (Miss.1987).
¶ 10. In Medders, the issue before the court was whether the exclusivity clause of the Workers' Compensation Act barred recovery under an employer's uninsured motorist coverage where the uninsured motorist was uninsured due to the fact that he was a fellow employee acting in the course and scope of his employment. Medders, 623 So.2d at 980. The Court determined that its analysis would depend upon the interpretation of the phrase "legally entitled to recover." Id. at 984. The Court went on to hold that the "clear meaning of the phrase legally entitled to recover found in the Mississippi [uninsured motorist] statute limits the scope of coverage mandated by the statute to those instances in which the insured would be entitled at the time of injury to recover through legal action." Id. at 989. The Court reasoned since Medders would have no legal claim against his co-employee acting in the course and scope of his employment at the time of the accident, then he was not "legally entitled to recover" uninsured motorist benefits from his employer's insurer.
¶ 11. Steen argues that Medders can be distinguished because in that case the injured employee sought uninsured motorist benefits from his employer's own insurance carrier. Steen contends that he is attempting to collect uninsured motorist benefits directly from his own automobile insurance policy. In other words, the insurance carrier that paid workers' compensation benefits to Steen is an entirely separate business entity from Metropolitan. Therefore, the exclusivity provision of the Workers' Compensation Act should have no effect on the two party automobile insurance contract between Steen and Metropolitan.
¶ 12. The Mississippi Supreme Court addressed this very distinction earlier this year. Wachtler v. State Farm, 835 So.2d 23 (Miss.2003). In Wachtler, a City of Waveland employee brought an action against his personal automobile insurer to recover uninsured motorist benefits for injuries caused by a co-employee. Wachtler, *189 835 So.2d at 24(¶ 2). Wachtler was injured when he was hit by a truck driven by another city employee. Id. Wachtler brought a workers' compensation claim against his employer's insurer. Id. Wachtler also brought an uninsured motorist claim against State Farm, his personal automobile insurer. Id. State Farm denied benefits claiming the accident was caused by a co-employee. Id. at 24-25 (¶ 5).
¶ 13. State Farm then moved for summary judgment arguing that since the co-employee is immune from liability under the Mississippi Workers' Compensation Act, Wachtler was not legally entitled to collect from the owner or driver of the uninsured motor vehicle. Id. The trial court granted State Farm's motion for summary judgment and the Mississippi Supreme Court affirmed that decision. Id. at 28(¶ 20). The court held that "it is of no moment whether Wachtler is seeking to recover [uninsured motorist] benefits from his personal insurer or from the insurer of his co-employee based upon the legal doctrine of entitlement to recovery." Id. The Court further held that "based on our ruling in Medders, defining `legally entitled to recover,' ... this Court affirms the ruling of the circuit court which held that Wachtler was not legally entitled to recover any damages from his co-employee and therefore, was not entitled to UM benefits from his personal insurer." Id.
¶ 14. The facts of the case sub judice are analogous to Wachtler. Like Wachtler, Steen is attempting to collect uninsured motorist benefits under his personal automobile insurance policy. The accident that generated Steen's claim occurred at work while Steen and his co-employee, Fikes, were in the course and scope of their respective employment. Steen collected statutory benefits from Delta Pride's workers' compensation insurance. Metropolitan did not provide any insurance to Delta Pride. Despite his negligence, Fikes was immune from liability under the Mississippi Workers' Compensation Act. The language in the Mississippi uninsured motorist statute, as well as Steen's uninsured motorist policy, requires that the insured be legally entitled to recover from the owner or operator of the uninsured vehicle.

CONCLUSION
¶ 15. The Mississippi Supreme Court, in Medders, held that the "clear meaning of the phrase legally entitled to recover found in the Mississippi UM statute limits the scope of coverage mandated by the statute to those instances in which the insured would be entitled at the time of injury to recover through legal action." Since Steen could not bring a legal action against Fikes at the time of the accident, he was not entitled to recover uninsured motorist benefits from his personal insurer. The trial court's judgment granting Metropolitan's motion for summary judgment is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.