# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00251-SCT

*CRYSTAL N. BUFKIN AND JOHN B. BUFKIN*

*v.*

*GEICO INSURANCE AGENCY, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2021 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| TRIAL COURT ATTORNEYS: | JOHN ALFRED WAITS |
| | CHRISTY VINSON MALATESTA |
| | ABBEY ADCOCK REEVES |
| | DANIEL DEWAYNE WARE |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DANIEL DEWAYNE WARE |
| ATTORNEYS FOR APPELLEE: | EDWARD C. TAYLOR |
| | ABBEY ADCOCK REEVES |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 05/12/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. At issue in this appeal is whether an employee, injured by her employer in an automobile accident, may recover under her own uninsured motorist policy. The question boils down to one of statutory interpretation—whether the plaintiff, Crystal Bufkin, is "legally entitled to recover" damages from her employer under the uninsured motorist statute, Mississippi Code Section 83-11-101(1) (Supp. 2021). This Court has previously held that employees are *not* legally entitled to recover from their employers and thus cannot make a

claim under uninsured motorist coverages. ***Medders v. U.S. Fid. & Guar. Co.***, 623 So. 2d 979, 989 (Miss. 1993). Bufkin acknowledges that precedent precludes her claim, but she argues ***Medders*** and its progeny were wrongly decided because the uninsured motorist law should be liberally construed in her favor. We conclude that this Court has already rejected the arguments Bufkin presents today, and it was on solid ground to reach the decision it did. We decline to overrule ***Medders***.

## FACTS

¶2.     Due the procedural posture of the case, these facts are largely drawn from the Bufkins' complaint. Crystal Bufkin was injured in automobile accident on October 27, 2017. The vehicle was operated by the owner/operator of her employer, and Bufkin was riding as a passenger. Bufkin's employer was responsible for the accident. Both Bufkin and the owner/operator were acting within the scope of their employment, and thus the negligent driver—Bufkin's employer—was immune from suit under the Mississippi Workers' Compensation Law. Bufkin filed a workers' compensation claim and received benefits. She and her husband subsequently filed suit against her employer and GEICO Insurance Agency, the Bufkins' uninsured motorist carrier. The employer was dismissed under the exclusive remedy provisions of the Mississippi Workers' Compensation Act. GEICO then filed a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6), contending that no uninsured motorist coverage existed because Bufkin was not "legally entitled to recover" damages from the tortfeasor, i.e., her employer, who was immune. The motion was granted, and this appeal followed.

**DISCUSSION**

¶3.     This Court has previously held that an employee is not "legally entitled to recover" from an employer due to the exclusivity of the workers' compensation remedy. ***Medders v. U.S. Fid. & Guar. Co.***, 623 So. 2d 979, 989 (Miss. 1993) (emphasis omitted). Thus, the employee cannot recover under uninsured motorist coverage that tracks the statute and limits coverage to those damages which the employee would be "legally entitled to recover[.]" ***Id.*** (emphasis omitted). In ***Wachtler v. State Farm Mutual Automobile Insurance Co.***, 835 So. 2d 23 (Miss. 2003), this Court applied the same rationale to hold that uninsured motorist insurance is not required to cover damages inflicted by a tortfeasor whose sovereign immunity has not been waived under the Mississippi Tort Claims Act. On appeal, Bufkin acknowledges this precedent, but she argues it should be overruled. In particular, she contends that ***Medders*** and ***Wachtler*** no longer represent the majority view among other courts.

¶4.     Mississippi law requires that uninsured motorist coverages

> undertak[e] to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death, or would be legally entitled to recover as damages for bodily injury or death but for the immunity provided under the Mississippi Tort Claims Act, from the owner or operator of an uninsured motor vehicle . . . .

Miss. Code Ann. § 83-11-101(1) (Supp. 2021). The statute, by requiring coverage for damages the insured would be legally entitled to recover "but for the immunity provided under the Mississippi Tort Claims Act," pressupposes that other forms of immunity preclude the recovery of damages. In fact, the Legislature amended the statute in 2020 to add that

3

language, apparently in a belated response to this Court's decisions holding that tort claims act immunity precludes uninsured motorist coverage. *See* S.B. 2230, Reg. Sess., 2020 Miss. Laws ch. 305, § 1. The Legislature had amended another section of the uninsured motorist law in 2009 to provide that an uninsured vehicle would include one "owned or operated by a person protected by immunity under the Mississippi Tort Claims Act, Title 11, Chapter 46, Mississippi Code of 1972, if the insured has exhausted all administrative remedies under that chapter." H.B. 936, Reg. Sess., 2009 Miss. Laws ch. 451; Miss. Code. Ann. § 83-11-103 (Rev. 2011). But, in 2019, the United States Court of Appeals for the Fifth Circuit found that the 2009 amendments to Section 83-11-103 did not actually extend coverage to situations in which the tortfeasor was immune under the Mississippi Tort Claims Act. *See **McGlothin v. State Farm Mut. Ins. Co.***, 925 F.3d 741, 747-48 (5th Cir. 2019). The Legislature then amended the statute again to expressly permit recovery when the tortfeasor was immune under the Mississippi Tort Claims Act. *See* S.B. 2230, Reg. Sess., 2020 Miss. Laws ch. 305, § 1.

¶5. Also relevant is Mississippi Code Section 71-3-9(1) (Rev. 2021), which provides in relevant part that "the liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death."

¶6. In *Medders*, the Court considered the intersection of these two statutes. *Medders*, 623 So. 2d at 983-84. The Court reviewed numerous decisions from other jurisdictions with

similar statutory schemes, and it observed that a majority of jurisdictions had concluded that a tortfeasor's workers' compensation immunity precluded recovery of uninsured motorist benefits. *Medders*, 623 So. 2d at 984-89. Notably, the Fifth Circuit, applying Mississippi law, had found no uninsured motorist coverage in a similar case. *See Perkins v. Ins. Co. of N. Am.*, 799 F.2d 955 (5th Cir.1986). This Court rejected the same primary argument advanced by Bufkin today:

> The Medders[es] contend that this Court does not look with favor on policy provisions designed to limit UM coverage. Limiting UM coverage is not in issue here, however, for there is no person from whom the Medders[es] are legally entitled to recover damages pursuant to the UM policy or the statute; at least, not until the legislature defines the required coverage differently.

*Medders*, 623 So. 2d at 988 (citation omitted). The Court ultimately concluded that "the clear meaning of the phrase *legally entitled to recover* found in the Mississippi UM statute limits the scope of the coverage mandated by the statute to those instances in which the insured would be entitled at the time of injury to recover through legal action." *Id.* at 989 (some emphasis omitted). "There is no statutory mandate to provide coverage in instances where the alleged tortfeasor is immune from liability." *Id.*

¶7.    This Court revisited the issue ten years later in *Wachtler*, 835 So. 2d 23. In *Wachtler*, the issue was whether sovereign immunity produced the same result, but the appellants also challenged the underlying rationale of *Medders*. *Id.* This Court directly addressed precedent from other jurisdictions, exemplified by *Uptegraft v. Home Insurance Co.*, 662 P.2d 681, 685 (Okla. 1983), which had held: "The words 'legally entitled to recover' simply mean that the insured must be able to establish fault on the part of the uninsured motorist which gives

5

rise to damages and prove the extent of those damages." *Wachtler*, 835 So. 2d at 27 (quoting *Barfield v. Barfield*, 742 P.2d 1107, 1112 (Okla. 1987)). This Court rejected the argument and reaffirmed *Medders*. *Id.* We again noted that other jurisdictions had reached the same result and that *Medders* represented the view of the majority of courts. *Id.*

¶8.     As detailed above, since this Court's decision in *Wachtler*, the Legislature has amended the uninsured motorist law twice with the apparent intent of legislatively abrogating *Wachtler* by expressly extending uninsured motorist coverage to cases where the tortfeasor's immunity results from sovereign immunity. The Legislature could have extended coverage to all forms of immunity, but it did not.

¶9.     On appeal, Bufkin contends that this Court's decisions in *Medders* and *Wachtler* no longer represent the majority view among courts nationally. Bufkin relies on *Jenkins v. City of Elkins*, 738 S.E.2d 1, 13 (W. Va. 2012), which reached the result she desires. In that case, the Supreme Court of Appeals of West Virginia surveyed had cases from numerous other jurisdictions and concluded that the majority permitted recovery. *Id.* at 12-14. The Supreme Court of Appeals cited fifteen jurisdictions for the "majority view" and thirteen, including Mississippi, for what it concluded was the minority view. *Id.*

¶10.    In its briefing on appeal, GEICO disagrees that Mississippi precedent now represents a minority view. It points out that some of the decisions relied upon by the West Virginia Supreme Court of Appeals in *Jenkins* have been overruled or distinguished, and GEICO points to some decisions from other jurisdictions it asserts the West Virginia Supreme Court of Appeals overlooked in its survey of the law.

6

¶11. We cannot say with confidence who is right as to the view of a majority of jurisdictions today, but a split of authorities existed when this Court first decided the issue in 1993. *See* **Medders**, 623 So. 2d at 984-89. We reached our decision after weighing the arguments presented by both sides; this Court did not simply adopt the majority view at the time because it was the majority view. In the meantime, this Court's decisions have been implicitly endorsed by the Legislature, which amended the statute to extend uninsured motorist coverage to plaintiffs injured by some, but not all, immune tortfeasors. And this Court has already addressed and rejected the public policy arguments Bufkin advances. *See* *id.* No new arguments are presented today. Thus, we decline to overrule **Medders** and **Wachtler**, and we affirm the judgment of the circuit court.

¶12. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**