413 So.2d 679 (1982)
Bobbye T. FOX, et al., Plaintiffs-Appellants,
v.
COMMERCIAL UNION INSURANCE CO., et al., Defendants-Appellees.
No. 8643.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Bernard Kramer of Kramer & Hammill, Alexandria, for plaintiffs-appellants.
Trimble & Associates, Lon P. Wilson, Alexandria, for defendants-appellees.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
The sole issue in this case is whether a party whose decedent was killed while riding in a vehicle in the course and scope of his employment, and is thus barred under LSA-R.S. 23:1032[1] from recovering damages from the vehicle's insurer under the liability provisions of the policy, may nevertheless recover damages under the uninsured motorist provisions of the same policy. This issue was raised in a motion for summary judgment at the trial of the case before us, and the trial court granted the motion, dismissing the action against the insurer. We affirm.

FACTS
James R. Fox (Fox) was killed while riding in a pickup truck driven by a co-employee, George M. Burns (Burns), when the truck was struck by a train. The truck was owned by the employer of Fox and Burns, road contractor J. W. McDonald, and both employees were returning to Glenmora, Louisiana, from a job in Cameron Parish. Suit was filed for recovery in tort on behalf of Fox's wife and children, Bobbye T. Fox, Michael Fox, and Kim Fox Crooks, against Burns and the insurer of the pickup truck, Commercial Union Insurance Company (Commercial Union).[2]
Commercial Union and Burns filed a motion for summary judgment on the grounds that plaintiffs' sole remedy was in workmen's compensation. Burns and Commercial Union also filed supporting affidavits with the motion stating facts to support the conclusion that Fox was acting in the *680 course and scope of his employment when he was killed and that Burns was a co-employee of Fox also acting in the course and scope of his employment at the time of the accident. On this basis, the trial court granted the motion for summary judgment, and this court affirmed the trial court's decision. 396 So.2d 543 (La.App. 3rd Cir. 1981).[3]
Plaintiffs subsequently filed an amending and supplemental petition reasserting their claim for damages from Commercial Union and again alleging Burns's negligence. Plaintiffs also filed a second amending and supplemental petition asserting that Commercial Union had issued uninsured motorist insurance covering the vehicle involved in the wreck and that Burns was an uninsured motorist at the time of the accident.[4] The theory of recovery upon which plaintiffs relied in this second supplemental petition may be summarized as follows: Fox was insured by Commercial Union Insurance Company while riding in the insured vehicle. Fox's wife and children were precluded from recovery in tort from the negligent driver, George Burns, because of the co-employee immunity under workmen's compensation law. However, recovery is possible from Commercial Union Insurance Company because of their contractual obligations under the uninsured motorist provisions of their policy covering the owner or driver of the insured vehicle.
In response to this new argument made on plaintiff's behalf Commercial Union filed a new motion for summary judgment which is the subject of this appeal. The trial court rejected plaintiffs' arguments and granted the motion for summary judgment. The correctness of the trial court's ruling sustaining this particular motion for summary judgment is now before us on appeal.

TRIAL COURT'S JUDGMENT
Plaintiffs assert the same basic arguments before this court that they asserted before the trial court. The trial court based its reasons for judgment granting the motion for summary judgment on holdings of this court enunciated in Nall v. State Farm Automobile Insurance Company, 398 So.2d 201 (La.App. 3rd Cir. 1981), writ granted, 400 So.2d 1390 (La.1981), affirmed, 406 So.2d 216 (La.1981).
While the trial court assigned cogent reasons for its holding based on Nall, we find later jurisprudence more pertinent to the issue before us. Therefore, we pretermit any discussion of the applicability of Nall. We base our holding instead on a recent opinion by this court which was rendered after the trial court's judgment. This court in Carlisle v. State Department of Transportation and Development, 400 So.2d 284 (La.App. 3rd Cir. 1981), writ denied, 404 So.2d 1256 (La.1981) stated:
"In 1976, the Louisiana Worker's Compensation Law, LSA-R.S. 23:1032, was amended, extending tort immunity to the fellow employee of the injured worker. That, in pertinent part, reads as follows:
`The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease....'
"In the case of Kelley v. M and M Dodge, Inc., 370 So.2d 1267 (La.App. 3rd Cir. 1979), writ denied, 374 So.2d 660 (1979), we held that an employer's insurer was immune from suit in tort for work *681 related injury just as is the employer. In doing so we relied in part on LSA-R.S. 23:1166 which provides expressly that where an injury falls within the ambit of the compensation scheme, compensation is the exclusive remedy against either the employer or the compensation insurer. We also stated therein that the existence of liability coverage for the employer does not create a cause of action in tort against either the employer or its insurer. The same is true of the existence of liability coverage for a fellow employee. Where applicable the exclusive remedy provisions of LSA-R.S. 23:1032 abolished the worker's cause of action in tort. Green v. Liberty Mut. Ins. Co., 352 So.2d 366 (La.App. 4th Cir. 1977), writ ref'd, 354 So.2d 210 (1978).
"Consequently, the defense of tort immunity under the compensation statute is not personal to the immune party but can be invoked by his insurer sued under the direct action statute. Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La.App. 2nd Cir. 1939). Under this reasoning, Carlisle would have no cause of action against Maryland, the liability insurer of Mrs. Beeson.
"This same reasoning applies to Carlisle's claim against his uninsured motorist carriers, U. S. F. & G. and Hartford. Uninsured motorist coverage is contingent upon there being liability by an uninsured or underinsured motorist. Since Carlisle has no cause of action in tort against Mrs. Beeson, no liability by Mrs. Beeson could arise. Thus, no cause of action exists against Carlisle's uninsured or underinsured motorist carriers, U. S. F. & G. and Hartford."
We base our holding on the fact that LSA-R.S. 23:1032 provides that the rights and remedies of an injured employee covered by workmen's compensation are "... exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer... or employee of such employer ...". The language, "all other rights and remedies" is not limited to rights or remedies under liability insurance but applies with equal force in this case to delictual and contractual rights or remedies under uninsured motorist insurance. Thus, the fact that uninsured motorist coverage is considered to be a contractual remedy for some purposes[5] is of no avail to the plaintiffs in this case.
Plaintiffs' further arguments based on Gremillion v. State Farm Automobile Insurance Company, 302 So.2d 712 (La.App. 3rd Cir. 1974), writ denied, 305 So.2d 134 (La. 1974) are also inapplicable to the present case. In Gremillion, interspousal immunity which was a procedural bar to the recovery of the wife from her husband for her damages caused by his negligence did not prevent the wife from recovering from her husband's uninsured motorist carrier. This is so because a spouse's defense of no right of action against the other spouse is personal to the spouse being sued and is not available to his insurer. Deshotel v. Traveler's Indemnity Company, 257 La. 567, 243 So.2d 259 (La.1971). However, the bar against recovery from the insurer of a negligent worker who is immune from suit under workmen's compensation law is a defense of no cause of action based on statutory law which is available to the insured. Carlisle v. State, Department of Transportation and Development, supra.
Therefore, since the plaintiffs' sole cause of action for the death of James Fox is one for workmen's compensation, the trial court's granting of the motion for summary judgment in favor of Commercial Union Insurance Company and George Burns for failure of the plaintiffs' petition to state a cause of action against them is correct. For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
NOTES
[1] This provision contains the exclusive remedy provisions of the Louisiana Workmen's Compensation Law which is quoted in pertinent part later in this opinion.
[2] Missouri Pacific Railroad Co., Texas & Pacific Railway Co., and The State of Louisiana, Through the Department of Transportation and Development, were also made defendants in this suit, as well as Charles R. Bailey and Terry Basco (the alleged engineer and conductor, respectively, of the train which hit the truck.) None of these defendants are involved in this appeal, but we note that the trial court rendered a judgment of partial dismissal as to the State of Louisiana, Through the Department of Transportation and Development.
[3] The facts of the instant case are set out in greater detail in this earlier opinion.
[4] The two supplemental petitions also reasserted plaintiffs' claims against the original defendants, and added United States Fidelity and Guaranty Company, the Parish of Calcasieu, and Audubon Insurance Company as defendants. A third supplemental and amending petition made The Travelers Indemnity Company a defendant. None of these defendants are involved in this appeal.
[5] See, for example, Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (La.1968) wherein the uninsured motorist coverage was considered to be a right in contract so as to avoid the prescriptive period for tort actions.