442 So.2d 894 (1983)
Bernadine T. MAYFIELD, Plaintiff-Appellant,
v.
CASUALTY RECIPROCAL EXCHANGE, et al., Defendant-Appellee.
No. 83-332.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Writ Denied February 27, 1984.
*895 Guillory, McGee, Mayeux & Fontenot, Robert K. Guillory, Eunice, for plaintiff-appellant.
Woodley, Barnett, Cox, Williams & Fenet, Edmund E. Woodley, Lake Charles, for defendant-appellee.
Before CUTRER, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Bernadine T. Mayfield, plaintiff-appellant, filed suit against a number of defendants, seeking to recover damages for injuries which she sustained in an accident. Among the named defendants was the Casualty Reciprocal Exchange, appellee, Mayfield's uninsured motorist carrier. Casualty filed a motion for summary judgment contending that the uninsured motorist provision of Mayfield's policy failed to furnish uninsured motorist protection to her because the operator was a fellow employee and immune from tort liability. The trial court granted Casualty's motion for summary judgment and dismissed Mayfield's suit against Casualty. Mayfield appeals. We affirm.
The issues on appeal are as follows:
1. Whether or not Mayfield's uninsured motorist coverage furnishes her insurance if the negligent party was an uninsured co-employee.
2. Whether or not a state vehicle exclusion in Mayfield's policy violates the Louisiana uninsured motorist statute requiring uninsured motorist coverage.
Mayfield was injured in an automobile accident on February 19, 1981, while riding as a guest passenger in a state-owned automobile being driven by her fellow state employee, Yvonne S. Celestine. At the time of the accident, both Mayfield and Celestine were employees of the State of Louisiana, Office of Family Security, and were in the course and scope of their employment. Mayfield sued her own uninsured motorist carrier, Casualty. Mayfield's petition alleged that Celestine, a co-employee, was an uninsured motorist and that Casualty was bound to pay all sums for which the uninsured motorist was liable. Casualty filed a motion for summary judgment contending that the uninsured motorist provision of Mayfield's policy failed to furnish uninsured motorist protection to her because Celestine was a co-employee and immune from tort liability under the Worker's Compensation Act and that the uninsured coverage of Mayfield's policy contained an exclusion for state-owned vehicles. The trial court granted Casualty's motion for summary judgment and dismissed Mayfield's suit against Casualty on the basis that the Worker's Compensation Act prohibited Mayfield from recovering damages from Celestine, her co-employee.
Mayfield contends that the trial court erred in sustaining Casualty's motion for summary judgment.
Louisiana Statutes Annotated R.S. 22:1406 D, the Uninsured Motorist Statute, provides in pertinent part, as follows:
"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor *896 vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits."
Mayfield's insurance policy with Casualty provides, in pertinent part, as follows:
"Coverage JUninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."
Thus, in order for Mayfield to recover under the uninsured motorist provision of the policy, she must be "legally entitled to recover" damages from Celestine.
Louisiana Statutes Annotated R.S. 23:1032 provides that the immunity from tort liability afforded an employer applies as well to the fellow employees of an injured worker:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease."
We interpret the above provision to mean that Mayfield is not legally entitled to recover damages from Celestine, her co-employee. Thus, Mayfield is not entitled to recover under the uninsured motorist provisions of her insurance policy with Casualty.
Mayfield asserts that when an insurer contracts for certain types of insurance coverage, it waives its personal immunity that an individual may have. Mayfield cites the case of Guillot v. Travelers Indemnity Company, 338 So.2d 334 (La.App. 3rd Cir.1976), cert. denied, 341 So.2d 408 (La.1977) as authority for her premise. She argues that since the doctrine of interspousal immunity could not operate to preclude the wife from being "legally entitled" to recover damages, then also the exclusive feature of the worker's compensation statute should not operate to preclude her from being "legally entitled" to recover damages from her own insurance policy under the uninsured motorist provision. We disagree.
*897 Mayfield's argument has been previously considered by this court in Fox v. Commercial Union Insurance Company, 413 So.2d 679 (La.App. 3rd Cir.1982). In Fox, we distinguished interspousal immunity from fellow employee tort immunity as follows:
"Plaintiffs' further arguments based on Gremillion v. State Farm Automobile Insurance Company, 302 So.2d 712 (La. App. 3rd Cir.1974), writ denied, 305 So.2d 134 (La.1974) are also inapplicable to the present case. In Gremillion, interspousal immunity which was a procedural bar to the recovery of the wife from her husband for her damages caused by his negligence did not prevent the wife from recovering from her husband's uninsured motorist carrier. This is so because a spouse's defense of no right of action against the other spouse is personal to the spouse being sued and is not available to his insurer. Deshotel v. Traveler's Indemnity Company, 257 La. 567, 243 So.2d 259 (La.1971). However, the bar against recovery from the insurer of a negligent worker who is immune from suit under workmen's compensation law is a defense of no cause of action based on statutory law which is available to the insured. Carlisle v. State, Department of Transportation and Development, 400 So.2d 284 (La.App. 3rd Cir.1981), cert. denied, 404 So.2d 1256 (La.1981)."
Secondly, in support of her contention, Mayfield argues that LSA-R.S. 23:1032 does not provide that the rights and remedies of the employee shall be exclusive of all other rights and remedies of the employee against people other than those listed in the statute, including Casualty. Mayfield cites Melvina Bryant v. New Orleans Public Service, Inc. and ABC Insurance Company, 406 So.2d 767 (La.App. 4th Cir. 1981), aff'd, 414 So.2d 322 (La.1982)[1] as authority. We disagree. Bryant is distinguishable in that it deals with worker's compensation and the collateral source rule.
In the recent case of Carlisle v. State, Department of Transportation and Development, supra, we considered the identical issue as raised in this appeal. In that case, the plaintiff, Carlisle, had been injured in an automobile collision while riding with a fellow employee, Beeson. Both were acting within the course and scope of their employment at the time of the accident. With regard to Carlisle's claim against his own uninsured motorist carrier, we stated:
"This same reasoning applies to Carlisle's claim against his uninsured motorist carriers, U.S.F. & G. and Hartford. Uninsured motorist coverage is contingent upon there being liability by an uninsured or underinsured motorist. Since Carlisle has no cause of action in tort against Mrs. Beeson, no liability by Mrs. Beeson could arise. Thus, no cause of action exists against Carlisle's uninsured or underinsured motorist carriers, U.S.F. & G. and Hartford."
We conclude that our opinions in Carlisle, supra, and Fox, supra, are valid and control in this case. An uninsured motorist carrier is liable only for the damages which an insured is "legally entitled" to recover from owners or operators of uninsured motor vehicles. The Worker's Compensation Statute provides that a fellow employee is immune from suit by another employee when he sustains an injury which is compensable by worker's compensation benefits. Thus, an employee injured while working within the course and scope of his employment is not "legally entitled" to collect damages from a fellow employee and therefore, may not recover from his uninsured motorist insurer.
Based on the above, Mayfield's assignment of error concerning the exclusion in her policy of state-owned vehicles is not germane to the outcome of this appeal, so it will not be discussed.
*898 For the foregoing reasons, the judgment of the trial court, granting Casualty Reciprocal Exchange's motion for summary judgment and dismissing Bernadine T. Mayfield's suit, is affirmed. Costs of this appeal are assessed against plaintiff-appellant, Bernadine T. Mayfield.
AFFIRMED.
NOTES
[1] The Supreme Court affirmed the result reached by the Court of Appeal. However, the court refused to discuss the question of whether the collateral source rule applied. Mayfield relies on the Court of Appeal's discussion of this issue in her argument.