452 So.2d 310 (1984)
Milton L. DAVIS, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
No. 16295-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Writ Denied October 5, 1984.
*311 Theus, Grisham, Davis & Leigh by J. Michael Hart, Monroe, for plaintiff-appellant.
Hudson, Potts & Bernstein by W. Lee Perkins, Jr., Monroe, for defendant-appellee.
Before PRICE, C.J., and MARVIN and SEXTON, JJ.
MARVIN, Judge.
Plaintiff appeals a judgment rejecting his demands against his UM insurer for personal injury damages caused by the negligence of an uninsured fellow employee in a motor vehicle while both were in the course and scope of their employment and were covered by the worker's compensation law. LRS 23:1032, 1166.
Asking us to either ignore or distinguish authority to the contrary, plaintiff argues that he should be allowed to recover from his own UM coverage because his carrier sold him UM coverage for such a situation and without regard to whether or not the uninsured tortfeasor was his co-employee and because his recovery would not place any burden on his employer or co-employee.[1] This argument does not present a novel issue, as appellant suggests, and has been considered in several cases and by scholarly writers. See A. Johnson, Worker's Compensation, Developments in the Law, 1981-1982, 43 La.L.R. 630-632 (1982), and cases discussed therein.[2]
The UM insurer's policy obligation is to pay "all sums which the insured ... shall be legally entitled to recover as damages from the ... operator of an Uninsured Automobile ..." LRS 22:1406 D. As Professor Johnson explains, tort damages are no longer the remedy for workplace injuries. No tort is committed when one co-employee negligently injures another. 43 La.L.R. at p. 631. See also Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La.App. 2d Cir.1939).
Certainly, the purchase of UM coverage is voluntary, and it may be that a person should be allowed, through UM or other policy provisions, to purchase "tort" coverage for workplace automobile injuries caused him by co-employees. Under the present state of the case law interpreting UM coverage in the light of the worker's compensation law, however, the co-employee is not a "real" tortfeasor and has not *312 committed a tort against the injured co-employee under CC Art. 2315. That co-employee, although at fault or negligent, is not legally liable to pay tort damages to the injured employee. In the absence of such "legal liability," there is no person from whom the injured employee is "legally entitled to recover damages" under the UM policy or statute, at least, not until such time as the legislature provides or makes an exception, to the contrary. 43 La.L.R. 631-632.
As Professor Johnson states, the recent decisions cited in footnote one, without detailed analysis, have "properly denied" such claims against the UM carrier.
At appellant's cost, judgment is AFFIRMED.
NOTES
[1] Fox v. Commercial Union Ins. Co., 413 So.2d 679 (La.App. 3d Cir.1982); Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La.App. 1st Cir.1982), writ denied; Gray v. Margot, Inc., 408 So.2d 436 (La.App. 1st Cir.1981); Carlisle v. State, Dept. of Transp. & Dev., 400 So.2d 284 (La.App. 3d Cir.1981), writs denied.

See also Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224 (La.1982); Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979).
[2] Fox, Beard, Gray, and Carlisle, cited in footnote 1, are there discussed.