|,GREMILLION, Judge.
The plaintiff, Alice Sunda, appeals the trial court’s grant of summary judgment in favor of the defendant, United Services Automobile Association (USAA), dismiss *554 ing her claims against it with prejudice. For the following reasons, we affirm.
FACTS
On February 24, 1997, Carolyn Breaux and Sunda, both employees of Travelers Insurance Company, were eastbound on Interstate 10 over the Atchafalaya spillway in St. Martin Parish, Louisiana. They were on their way to a staff meeting in Metairie when Breaux lost control of her vehicle and hit the concrete guardrails several times. Sunda sustained severe injuries as a result of this accident.
Sunda filed suit initially against USAA, her own uninsured/underinsured (UM) motorist carrier, alleging that Breaux was uninsured and/or underinsured with regard to her damages. Travelers was later added as a defendant, but was dismissed from the suit on an unopposed motion for summary judgment. USAA also filed a motion for summary judgment arguing that it was not liable to Sunda since her exclusive remedy was workers’ compensation benefits pursuant to La.R.S. 23:1032. Following a hearing on the motion, the trial court granted USAA’s motion and dismissed Sunda’s claims against it with prejudice. This appeal followed.
ISSUE
Sunda argues that the trial court erred in granting summary judgment to USAA because the personal UM carrier of an employee qualifies as a third person pursuant to La.R.S. 23:1101, as it was amended in 1989, and is amenable to suit for |¡,the recovery of damages.
SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks in determining whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La. Code Civ.P. art. 966(B) and (C). Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ.P. art. 966(A)(2).
LA.R.S. 23:1101(0
Sunda argues that the Louisiana Supreme Court’s holding in Travelers Insurance Co. v. Joseph, 95-0200 (La.6/30/95); 656 So.2d 1000, expanded the definition of a “third person” to include the UM insurer of the employer. Accordingly, she argues that the expansion should also include her own UM insurer, in this case USAA. Travelers addressed whether the 1989 amendment to La.R.S. 23:1101 excluded UM carriers from the definition of “third persons.”
Prior to 1989, La.R.S. 23:1101 provided in part:
When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as “third person”) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be ^regarded as establishing a measure of damages for the claim; and such employee or his depen *555 dents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or com-pensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents.
On January 1, 1990, the 1989 amendment to La.R.S. 23:1101 became effective and added Subsection C, which provided:
For purposes of this Section, “third person” shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
In Travelers, the supreme court was asked to address the effect of the 1989 amendment on La.R.S. 23:1101. The court stated the issue as follows:
National contends that the amendment’s definition effectively overrules Johnson. Since the amendment defines a “third person” as one who actually causes the employee’s injury, it excludes UM insurers who do not actually cause injury. Travelers contends that the amendment expands the definition of “third person” to include tortfeasors whose negligent conduct aggravates an existing injury.
Id. at 1002.
In holding that the amendment expanded the definition of “third persons” to include tortfeasors whose negligent action aggravates a pre-existing work injury, the supreme court reaffirmed its prior holding in Johnson v. Fireman’s Fund Insurance Co., 425 So.2d 224 (La.1982). In Johnson, the supreme court held that a “third person” is anyone who is legally liable to pay damages to an employee as a result of a work-related accident. Since UM carriers were not included in the list of | ¿persons entitled to immunity from suit, as provided by La.R.S. 23:1032, the supreme court held they qualified as “third persons” even if they do not actually injure the employee. Thus, they qualify as third persons under Subsection A of La.R.S. 23:1101, rather than Subsection C. In light of this holding, we find that the 1989 amendment to La. R.S. 23:1101 simply expanded the already existing definition of a “third person” to include a person who caused an employee injury which aggravated a pre-existing employment-related injury, thereby, allowing the employer a cause of action against the party causing the aggravation.
Considering our interpretation of the 1989 amendment, La.R.S. 23:1101 still only allows an employee to recover for a work-related injury which has occurred under circumstances creating a legal liability in a third person to pay damages. The statute provides that an employee may claim compensation under such a situation, and the payment or award of compensation under the statute shall not affect the claim or right of action of the employee to proceed at law against such a third person to recover damages for her injury. La.R.S. 23:1101(A).
Prior to 1989, the law in the Third Circuit provided that an employee could not recover from her UM carrier as a result of injuries suffered in a work-related accident caused by a co-employee. See Mayfield v. Casualty Reciprocal Exchange, 442 So.2d 894 (La.App. 3 Cir.1983), writ denied, 445 So.2d 1230 (La.1984); Carlisle v. State, Through DOTD, 400 So.2d 284 (La.App. 3 Cir.1981), writ denied, 404 So.2d 1256 (La.1981). Pursuant to La.R.S. 22:1406, UM *556 coverage provides “for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underin-sured motor Isvehicles.” La.R.S. 22:1406 was amended in 1992 and changed the language so that UM coverage shall provide “for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles.” Notwithstanding the 1989 amendment to La.R.S. 28:1101 or the 1992 amendment to La.R.S. 22:1406, we find that the law has not changed with regard to the issue at hand. See H. Alston Johnson, III, WORKERS’ Compensation Law and Practice, § 368 (1994). Since there is no underlying uninsured or under-insured person due to the immunity provision of La.R.S. 23:1032, USAA is not legally liable to Sunda. Bolton v. Tulane Univ. of Louisiana, 96-1246 (La.App. 4 Cir. 1/29/97); 692 So.2d 1113, writ denied, 97-1229 (La.9/26/97); 701 So.2d 982.
While we are sympathetic to Sunda’s predicament, we feel compelled to apply the law of the Third Circuit as we believe it stands at this time. Accordingly, the judgment of the trial court is affirmed.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiff-appellant, Alice Sunda.
AFFIRMED.
COOKS, J., dissents with written reasons.
THIBODEAUX, J., dissents for the reasons stated by Judge COOKS.