# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-0992


ANGIE HEBERT

VERSUS

CLARENDON AMERICAN INS. CO., ET AL.


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 20061637
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, Glenn B. Gremillion, Elizabeth A. Pickett, Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

Thibodeaux, C.J., dissents and assigns written reasons.
Cooks, J., dissents for the reasons assigned by Chief Judge Thibodeaux.
Saunders, J., dissents for the reasons assigned by Chief Judge Thibodeaux.
Ezell, J., dissents for the reasons assigned by Chief Judge Thibodeaux.


**AFFIRMED.**


**R. Scott Iles**
**Post Office Box 3385**
**Lafayette, LA 70506**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Angie Hebert**

**James A. Lochridge, Jr.**
**Preis & Roy**
**Post Office Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Western World Insurance Company**

PETERS, J.

The plaintiff, Angie Hebert, appeals the trial court's grant of a summary judgment dismissing her claim against her uninsured/underinsured motorist insurance (UM) provider, Western World Insurance Company (Western World). For the following reasons, we affirm the judgment of the trial court.

## DISCUSSION OF THE RECORD

There exists no dispute concerning the basic facts involved in this appeal. This litigation arises from a collision between two school busses which occurred on April 6, 2005, in Lafayette, Louisiana. Ms. Hebert was the driver of one of the vehicles and sustained personal injuries in the accident. Both she and Danny Begnaud, the driver of the other bus, were employees of the Lafayette Parish School Board (School Board) and, at the time of the accident, were acting in the course and scope of their employment with the School Board.

Asserting that Mr. Begnaud's negligence was the sole cause of the accident and her resulting injuries, Ms. Hebert filed suit against him, the School Board's liability insurer, and her automobile liability insurer, Western World.[1] Thereafter, the trial court granted a motion for summary judgment filed by Mr. Begnaud and the School Board's liability insurer, dismissing both from the litigation. The grant of this summary judgment left Western World as the sole remaining defendant in the litigation. After the dismissal of Mr. Begnaud and the School Board's insurer from the litigation, Western World sought relief by summary judgment as well. The trial court's grant of the motion for summary judgment and subsequent dismissal of Ms. Hebert's suit against Western World is the basis of this appeal.

---

[1]Initially, Ms. Hebert named Interstate Fire and Casualty Company as her liability insurer. However, by later amendments to the pleadings, she substituted that defendant in the litigation with Western World.

**OPINION**

The sole issue in this appeal is whether an employee injured in a motor vehicle accident by the negligence of a co-employee, both of whom at the time of the accident are in the course and scope of their employment, may recover tort damages from his or her UM insurer. In granting Western World's motion for summary judgment the trial court disposed of that issue by finding that the injured employee could not recover. It did so based on Mr. Begnaud's status as a co-employee and the tort immunity granted that status under Louisiana workers' compensation law.

Summary judgments are reviewed by appellate courts *de novo*. *Supreme Serv. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634. A motion for summary judgment is properly granted if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; *Travelers Ins. Co. v. Joseph*, 95-200 (La. 6/30/95), 656 So.2d 1000. "[W]hen an appellate court reviews a question of law the standard of review is simply whether the lower court's interpretive decision is correct." *Johnson v. Calcasieu Parish Sheriff's Dept.*, 06-1179, p. 3 (La.App. 3 Cir. 2/7/07), 951 So.2d 496, 499. There are no factual disputes in the present case, so we review whether the lower court's interpretive decision was correct and whether Western World was entitled to judgment as a matter of law.

The trial court dismissed Ms. Hebert's claims against Mr. Begnard and the School Board based on the workers' compensation exclusive remedy provisions of La.R.S. 23:1032[2], and Ms. Hebert does not contest the correctness of that decision.

---

[2]Louisiana Revised Statute 23:1032(A)(1)(a) provides in pertinent part that "[e]xcept for intentional acts . . . the rights and remedies herein granted to an employee . . . on account of an injury . . . for which he is entitled to compensation under [the workers' compensation law], shall be exclusive of all other rights, remedies, and claims for damages . . . unless such rights, remedies, and

Thus, it is clear from the record before us that Ms. Hebert is entitled to workers' compensation benefits from the School Board as her employer. It is equally clear from the record that Mr. Begnard is immune from civil liability to Ms. Hebert.

In her pleadings, Ms. Hebert had alleged that under the UM provisions of her policy her liability insurer was required to compensate her for her damages because Mr. Danny Begnaud was uninsured or underinsured by virtue of his workers' compensation-related immunity. She argues in her single assignment of error that she should not be precluded from recovering her damages from her UM carrier based on the "artificial reason that the uninsured motorist was a co-employee." Specifically, Ms. Hebert argues that it would be unfair to allow Western World to escape liability under its policy by taking advantage of the immunity defense provided Mr. Begnard in La.R.S. 23:1032 where she paid premiums for her UM coverage and Western World made no contribution toward her workers' compensation coverage. In making this argument, she recognizes that the jurisprudence does not favor her position but urges us to ignore that prior jurisprudence and rule in her favor, arguing that the strong public policy embodied in the Louisiana Uninsured Motorist Statute, La. R.S. 22:680, supports full recovery for innocent automobile accident victims.

With regard to UM coverage, the Western World policy provides that "[w]e will pay all sums the 'insured' is *legally entitled to recover* as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" (Emphasis added.) This language traces that found in La.R.S. 22:680(1)(a)(i), which requires that an automobile liability insurer make UM coverage available to its insureds on an

damages are created by a statute. . . ." Louisiana Revised Statute 23:1032(A)(1)(b) extends this exclusive remedy to claims against fellow employees, and La.R.S. 23:1032(C) further emphasizes the significance of the exclusivity of the remedy by declaring it to be an "immunity from civil liability."

3

optional basis. The purpose of the coverage is to provide coverage for those insureds "who are *legally entitled to recover* nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles." La.R.S. 22:680(1)(a)(i) (emphasis added). Thus, the key language in both the Western World policy and the statute authorizing UM insurance is the requirement that coverage be made available to cover those situations in which the insured becomes "legally entitled to recover" damages from an uninsured/underinsured driver.

In the matter now before us, Ms. Hebert is not legally entitled to recover damages from Mr. Begnaud by virtue of his statutory immunity as a fellow employee of the School Board. It has long and consistently been held that the tort immunity defense is a general defense, and may be invoked by the tortfeasor's liability insurer or the injured party's UM insurer. *See Bolton v. Tulane Univ. of La.*, 96-1246 (La.App. 4 Cir. 1/29/97), 692 So.2d 1113, *writ denied*, 97-1229 (La. 9/26/97), 701 So.2d 982; *Lee v. Allstate Ins. Co.*, 467 So.2d 44 (La.App. 4 Cir.), *writ denied*, 472 So.2d 593 (La.1985); *Davis v. Allstate Ins. Co.*, 452 So.2d 310 (La.App. 2 Cir.), *writ denied*, 457 So.2d 1194 (La.1984); *Mayfield v. Cas. Reciprocal Exch.*, 442 So.2d 894 (La.App. 3 Cir. 1983), *writ denied*, 445 So.2d 1230 (La.1984); *Braud v. Dixie Mach. Welding & Metal Works, Inc*, 423 So.2d 1243 (La.App. 5 Cir. 1982), *writ denied,* 430 So.2d 77 (La.1983); *Fox v. Commercial Union Ins. Co.*, 413 So.2d 679 (La.App. 3 Cir. 1982); *Gray v. Margot, Inc.*, 408 So.2d 436 (La.App. 1 Cir. 1981); and *Carlisle v. State Through DOTD*, 400 So.2d 284 (La.App. 3 Cir.), *writ denied*, 404 So.2d 1256 (La.1981).

In *Carlisle*, the plaintiff sustained personal injuries as a guest passenger in a fellow employee's vehicle involved in an accident and sought recovery against,

4

among others, two UM carriers. This court concluded that the plaintiff had no cause of action against the UM carriers because "[u]insured motorist coverage is contingent upon there being liability by an uninsured or underinsured motorist," and because the plaintiff had no cause of action against the fellow employee due to the statutory immunity provided by La.R.S. 23:1032, he had no cause of action against the UM carriers. *Id.* at 287. Citing the fourth circuit decision in *Bolton*, 692 So.2d 1113, this court followed the same reasoning set forth in *Carlisle* in *Sunda v. United Serv. Auto. Ass'n,* 00-1425 (La.App. 3 Cir. 5/23/01), 787 So.2d 553, *writ denied*, 01-1835 (La. 10/26/01), 799 So.2d 1142.

Thus, it is well settled in our jurisprudence that where there is no underlying uninsured or underinsured person from whom the plaintiff is legally entitled to recover, due to the immunity provision of La.R.S. 23:1032, the plaintiff's UM insurer is not legally liable to him. That being the case, we decline to ignore the established law and grant Ms. Hebert the relief she requests on this basis.

Ms. Hebert also asserts that, notwithstanding the established jurisprudence unfavorable to her, Western World is an exception to that jurisprudence in that it is a "third person" liable to her under the supreme court holding in *Travelers*, 656 So.2d 1000. This approach is viable, she argues, because of the language in *Travelers* holding that in some situations an employers's UM insurer is a third person legally liable to pay an employee damages arising from a work-related accident. We find no merit in this argument as it misapplies *Travelers.*

The *Travelers* decision involves application of La.R.S. 23:1101. That particular statute addresses the rights of an injured employee and the party responsible for paying workers' compensation benefits arising from that injury to

5

recover their respective losses. Louisiana Revised Statute 23:1101(A) specifically provides that the payment of workers' compensation benefits does not affect an injured employee's right to recover damages from a third person causing the injury giving rise to the benefit payments. Additionally, La.R.S. 23:1101(B) provides that one who has paid workers' compensation benefits, or has become obligated to pay such benefits, to an injured employee may bring suit against a third person who caused the injury to recover for the benefits paid or to be paid. *See also, Landry v. Martin Mills, Inc.*, 98-1395 (La.App. 3 Cir. 3/3/99), 737 So.2d 58, *writ denied*, 99-957 (La. 6/4/99), 744 So.2d 625.

A "third person" for the purpose of this statute is defined in La.R.S. 23:1101(A) as a person who has "a legal liability to pay damages" to the injured worker. Specifically excluded from that definition is "those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032." *Id.* In *Travelers Ins. Co.*, 656 So.2d 1000, the supreme court was called upon to determine if the workers' compensation carrier could recover from the employer's UM carrier workers' compensation benefits paid to a covered employee injured in an automobile accident. The employee had been injured by an uninsured/underinsured motorist who was not a fellow employee. The supreme court concluded that, absent an express exclusion in the UM policy issued to the employer, the UM carrier was a "third person" under the definition of La.R.S. 23:1101, and the workers' compensation carrier could recover the benefits paid to the injured employee from the UM carrier.

The significant distinction between the facts of our present case and the facts in *Travelers* is that the uninsured motorist in *Travelers* was a third person, while in our present case Mr. Begnaud is a co-employee. The uninsured motorist in our

6

present case has an immunity that the uninsured motorist in *Travelers* did not have.

This distinction is clear from the following language in *Johnson v. Fireman's Fund Ins. Co.*, 425 So.2d 224 (La.1982) , a decision addressed in the *Travelers* opinion:

> Because the employer is entitled to proceed against a "third person" for reimbursement for compensation paid, it is important to ascertain who is a "third person" for these purposes. The worker compensation statute provides that when an employee's work-related injury creates a legal liability to pay damages in some person, other than those listed in La.R.S. 23:1032, that person is a "third person." La.R.S. 23:1101. The parties excluded from the category of third persons by reference to La.R.S. 23:1032 are those persons against whom compensation is the employee's exclusive remedy, such as the claimant's employer, co-employees, principal, principal's employer, partner, or employee of such employer, director of stockholders of employer or principal. See La.R.S. 23:1032. Accordingly, a "third person" is anyone who is legally liable to pay an employee damages because of his injury who is not included within the list of classifications provided by La.R.S. 32:1032. Such a "third person" is amenable to suit by the employer's worker compensation insurer by virtue of the insurer's statutory subrogation to all rights and actions to which the employer is entitled. La.R.S. 23:1162.

*Johnson*, 425 So.2d at 227

As was the case in *Travelers*, in *Johnson* neither the uninsured motorist carrier for the employer nor for the injured employee came within the classifications of La.R.S. 23:1032. Thus, they did not qualify as "third persons" because they were not legally liable to pay the employee damages because of his work-related automobile accident.

Our *de novo* review of the summary judgment in the light of the settled law of this state convinces us that it was properly granted, and that Ms. Hebert's suit to recover tort damages from her own uninsured motorists insurer was properly dismissed with prejudice.

**DISPOSITION**

For the reasons set forth herein, we affirm the trial court judgment rendered in favor of Western World Insurance Company dismissing it as a party defendant. We assess all costs of this appeal to Angie Hebert.

**AFFIRMED.**

ANGIE HEBERT

VERSUS

CLARENDON AMERICAN INS. CO., ET AL.

**THIBODEAUX, Chief Judge, dissenting.**

The majority denies the ability of the plaintiff to recover from her own uninsured carrier because there is lacking in this case an underlying uninsured or underinsured person from whom the plaintiff is legally entitled to recover. The majority's rejection of the plaintiff's request to recover is based on the immunity provisions of La.R.S. 23:1032. I disagree.

In my view, *Travelers Ins. Co. v. Joseph*, 95-200 (La. 6/30/95), 656 So.2d 1000 provides a sound and legally legitimate basis upon which to provide relief to the injured plaintiff. *Travelers* allowed an employer's workers' compensation carrier to recoup compensation benefits from the employer's uninsured carrier. *Travelers* reasoned that the uninsured carrier was a "third person." It is anomalous and unfair to allow an employer's workers' compensation carrier to recover from its uninsured carrier, but deny an employee to recover from her own uninsured carrier. Why should an employer's carrier be allowed to proceed against a third party (the uninsured carrier), while an employee is prohibited from recovering from her own uninsured carrier? The uninsured carrier is a third party which has a legal liability to pay damages due to another person's uninsured or underinsured status.

Excluded from the definition of a "third person" in La.R.S. 23:1101(A) are "those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032." The uninsured carrier is not a third person against whom an employee or co-employee's rights are limited under Section 1032, even though that co-employee cannot recover from her employer or from the co-employee.

I further disagree with the majority for the reasons articulated by Judge Cooks in her dissent in *Sunda v. United Serv. Auto Ass'n*, 00-1425 (La.App. 3 Cir. 5/23/01), 787 So.2d 553, *writ denied*, 01-1835 (La. 10/26/01), 799 So.2d 1142.