STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-377

RANDY J. GARY

VERSUS

MONCLA WELL SERVICE, ET AL

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 56627
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

J. Bryan Jones, III
P.O. Box 8841
Lake Charles, LA 70606
Counsel for Plaintiff-Appellant
      Randy J. Gary

Whit M. Cook, II
7910 Wrenwood Blvd., Suite A
Baton Rouge, LA 70809
Counsel for Plaintiff-Appellant
      Randy J. Gary

Frank K. Neuner
James D. Hollier
P.O. Drawer 52828
Lafayette, LA 70505
Counsel for Defendant-Appellee
      Schlumberger Well Services

**PAINTER, Judge.**

Plaintiff, Randy J. Gary, appeals the trial court's dismissal of Schlumberger Well Services (Schlumberger) based on a finding, pursuant to a motion for summary judgment, that Schlumberger did not owe a duty to Plaintiff to protect him from the injury incurred.

## FACTS AND PROCEDURAL HISTORY

In written reasons for judgment, the trial court correctly outlined the underlying facts of the case as follows:

> Gary, a floorhand employed by Westbay Contracting Corporation ('Westbay'), sustained an accident on May 7, 1995 while disassembling a lubricator with two of his fellow crew members. Although he was a Westbay employee, Gary had worked under contract for Moncla Well Services ('Moncla') for many years and considered himself to be a member of the Moncla drilling crew. Moncla had been hired by Marshall Petroleum, the operator of the well, to provide a drilling rig and crew at this location. Marshall had also contracted with Schlumberger to provide well evaluation services on the rig. There was no contract between Schlumberger and Moncla.
>
> Gary's accident occurred as the crew was disassembling a lubricator while it was suspended from a catline. The lubricator, a pressure control device comprised of three sections, had been used by Schlumberger during its operations on the rig earlier that day. Schlumberger rented the lubricator from McLo Rentals and the rental fee included the cost for McLo to transport, assemble and disassemble the lubricator at the well site. Although McLo had been paid to disassemble the lubricator, the Moncla crew gratuitously performed this job without any request from Schlumberger. No one from Schlumberger was involved in disassembling the lubricator with Gary and his fellow crew members. At the time of the incident, the Schlumberger crew had left the drill floor and was disassembling their equipment in another area of the well site.

Gary filed suit against Moncla and Schlumberger. Schlumberger filed a third party demand against Marshall Petroleum. Moncla filed a third party demand against Westbay, and when that claim was sent into arbitration, it filed a petition for declaratory judgment asking the trial court to quantify Westbay's fault for purposes of an arbitration proceeding pending between Moncla and Westbay. In September

1

1999, Moncla obtained a summary judgment dismissing Gary's claims against it pursuant to a statutory employer defense. Schlumberger filed a motion for summary judgment asserting that no material issue of fact remained because it owed no legal duty to supervise the activity which resulted in Gary's injury. The trial court dismissed Gary's claim against Schlumberger in July 2001, giving written reasons as follows, in pertinent part:

> Louisiana law requires that the defendant owe the injured party a duty in order to prevail on a negligence claim. As a result, Gary must establish "by contract, statute, jurisprudence or otherwise" that Schlumberger owed him a duty under these facts. Faucheaux v. Terrebonne Consol. Government, 615 So.2d 289, 292 (La. 1993); Brow v. Allstate Indem. Co., 99-2319 (La. App. 1 Cir. 11/3/00), 771 So.2d 268, 272; Hardenstein v. Cook Const., Inc., 96-829 (La. App. 1 Cir. 2/14/97), 691 So.2d 177. Gary contends that Schlumberger was at fault because it failed to supervise and provide instruction to the Moncla crew during the disassembly of the lubricator. Gary also alleges fault by Schlumberger for failing to warn the Moncla crew of the potential dangers involved with disassembling the lubricator.
>
> The Court finds that Schlumberger owed no legal duty to Gary to assure that the disassembly process was performed safely. Schlumberger was not contractually required to supervise the work performed by the Moncla crew or warn them of any potential dangers involved in the disassembly of the lubricator. Additionally, Schlumberger did not possess any operational control over the work being performed by the Moncla crew and Schlumberger did not direct the manner in which the lubricator was taken apart. Further, the Moncla toolpusher and driller both testified that the Moncla crew did not require any supervision from Schlumberger with respect to disassembling the lubricator nor did they give Schlumberger any indication that they were incapable of safely performing this task prior to the incident. Finally, even Gary conceded that it was considered the Moncla drilling crew's customary task to disassemble the lubricator.
>
> The Court, finds that based on the undisputed facts of this case, there is no legal duty owed to the plaintiff on the part of Schlumberger, and because the issue of whether a duty is owed is a question of law, summary judgment is appropriate. Mundy v. Dept. of Health and Human Res., 620 So.2d 811 (La. 1993). For these reasons, and based upon the law, the evidence, the briefs and exhibits submitted by the parties, and the argument of counsel, it is ordered that all claims asserted by Randy Gary against Schlumberger are dismissed with full prejudice, with plaintiff to bear all costs.

In January 2002, a judgment was entered dismissing Schlumberger's third party demand against Marshall Petroleum. In September 2006, a judgment was entered dismissing Moncla's third party demand against Westbay, apparently on the grounds of abandonment. In October 2006, Gary filed a motion for a devolutive appeal asserting that the trial judge was incorrect in finding that Schlumberger has no legal duty. Schlumberger moved to dismiss the appeal as untimely. This court overruled that motion finding the appeal to be timely. We now consider the merits of Gary's appeal.

## DISCUSSION

On appeal, Gary asserts that the trial court erred in finding that Schlumberger did not owe a duty to supervise and train the crew that disassembled the lubricator.

> Summary judgments are reviewed by appellate courts *de novo*. *Supreme Serv. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La.5/22/07), 958 So.2d 634. A motion for summary judgment is properly granted if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; *Travelers Ins. Co. v. Joseph*, 95-200 (La.6/30/95), 656 So.2d 1000.

*Hebert v. Clarendon Am. Ins. Co.*, 07-992, p. __ (La.App. 3 Cir. 6/4/08), 984 So.2d 952, 954, *writ denied*, 08-1508 (La. 11/10/08), 996 So.2d 1068.

The question of whether a duty is owed is one of law. *Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), ___ So.2d. ___. "'[W]hen an appellate court reviews a question of law the standard of review is simply whether the lower court's interpretive decision is correct.' *Johnson v. Calcasieu Parish Sheriff's Dept.*, 06-1179, p. 3 (La.App. 3 Cir. 2/7/07), 951 So.2d 496, 499." *Hebert*, 984 So.2d at 954.

Here, as in *Hebert*, there are no factual disputes before us. Therefore, "we review whether the lower court's interpretive decision was correct and whether [Schlumberger] was entitled to judgment as a matter of law." *Id.*

3

> In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

*Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La.3/10/06), 923 So.2d 627, 632-33.

*quoted in Rando v. Anco Insulations, Inc.*, 08-1163, p. (La. 5/22/09), ___ So.2d ___.

After reveiwing the record, we conclude that the trial court was correct in finding that Schlumberger owed no legal duty to Plaintiff. There is no suggestion that Schlumberger owed any statutory duty. We find no jurisprudence which requires imposition of a duty under the circumstances of this case. It is undisputed that Schlumberger had no contract with Moncla or Westbay. Further, the record supports the conclusion that the contract between Schlumberger and McLo required McLo to disassemble the lubricator, in spite of Plaintiff's allegations to the contrary in brief. It is undisputed that Schlumberger did not ask the Moncla crew to disassemble the lubricator and that Schlumberger did not participate in the disassembly. Two Moncla supervisors testified that the crew did not need supervision from Schlumberger and that the crew had previously disassembled similar equipment. We can find no jurisprudence which suggests that Schlumberger took on a duty to the Moncla crew by the act of using the lubricator at some point prior to its disassembly.

Accordingly, we affirm the trial court's dismissal of Schlumberger pursuant to its motion for summary judgment.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff, Randy J. Gary.

**AFFIRMED.**

4