NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-1176 consolidated with CA 17-1177


ANNIQUE JOHNSON, ET AL.

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125743 C/W 125744
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and John E. Conery, Judges.


AFFIRMED.

Terry L. Rowe
Attorney at Law
P. O. Box 3323
Lafayette, LA 70502
(337) 232-4744
COUNSEL FOR DEFENDANT/APPELLEE:
    State Farm Mutual Automobile Ins. Co.

Andrew B. Mims
David C. Laborde
Derrick G. Earles
Jeff D. Easley
Laborde Earles Law Firm, LLC
P. O. Box 80098
Lafayette, LA 70598-0098
(337) 261-2617
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Annique Johnson
    Wanda Theriot

**EZELL, Judge.**

In this matter, Annique Johnson and Wanda Theriot appeal the decision of the trial court below granting summary judgment in favor of State Farm Mutual Automobile Insurance Company. For the following reasons, we hereby affirm the decision of the trial court.

There exists no dispute concerning the basic facts involved in this appeal. This litigation arises from an auto accident which occurred on April 5, 2014, near Delcambre, Louisiana. Ms. Johnson and Ms. Theriot (herein after collectively referred to as "Plaintiffs") were passengers in a vehicle driven by their co-worker, Emily Laseter, when Ms. Laseter failed to stop or yield to a vehicle on a superior roadway. The Plaintiffs sustained personal injuries as a result of the accident. All three women were employees of Le Bon Manger, Inc., and at the time of the accident, all were acting in the course and scope of their employment. This is undisputed. Both Plaintiffs filed claims for workers' compensation benefits, and both eventually settled their workers' compensation claims.

Asserting that Ms. Laseter's negligence was the sole cause of the accident and their resulting injuries, the Plaintiffs filed the current tort suit against her, Le Bon Manger, Inc., its owner, Bobby Breaux, and State Farm, both as the liability and UM carrier for Le Bon Manger, but also as the personal UM carrier for each of the plaintiffs via separate policies. The Plaintiffs later dismissed all defendants except for State Farm. State Farm then filed a motion for summary judgment asserting that the UM policies in question provided no coverage, as the sole remedies available for the Plaintiffs were claims under workers' compensation law. The trial court agreed, granted the motion for summary judgment, and

subsequently dismissed the Plaintiffs' claims. From that decision, the Plaintiffs appeal.

On appeal, Plaintiffs assert one assignment of error, claiming only that the trial court erred in granting State Farm's motion for summary judgment. We disagree.

"Appellate courts review summary judgments *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Greemon v. City of Bossier City*, 10-2828, 11-39, p. 6 (La. 7/1/11), 65 So.3d 1263, 1267. A summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "The burden of proof rests with the mover." La.Code Civ.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the matter at issue, however, his burden on the motion for summary judgment "does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* Specifically, "[t]he burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

The sole issue in this appeal is whether employees may recover tort damages from UM insurers for injuries sustained while in the course and scope of their

employment, in a motor vehicle accident caused by the negligence of a co-employee. Based on the clear jurisprudence of this court, we reaffirm that they may not.

The Plaintiffs claim that State Farm is a "third person" who is not subject to workers' compensation immunity under UM statutes, citing *Travelers Ins. Co. v. Joseph*, 95-200 (La. 6/30/95), 656 So.2d 1000, for this proposition. This exact issue was before an en banc panel of this court in an incredibly similar case, *Hebert v. Clarendon Am. Ins. Co.*, 07-992, pp. 4-7 (La. App. 3 Cir. 6/4/08), 984 So.2d 952, 955–57, *writ denied*, 08-1508 (La. 11/10/08), 996 So.2d 1068 (emphasis ours) (first alteration in original) where we stated:

> It has long and consistently been held that **the tort immunity defense is a general defense, and may be invoked by the tortfeasor's liability insurer or the injured party's UM insurer**. *See Bolton v. Tulane Univ. of La.*, 96–1246 (La.App. 4 Cir. 1/29/97), 692 So.2d 1113, *writ denied*, 97–1229 (La.9/26/97), 701 So.2d 982; *Lee v. Allstate Ins. Co.*, 467 So.2d 44 (La.App. 4 Cir.), *writ denied*, 472 So.2d 593 (La.1985); *Davis v. Allstate Ins. Co.*, 452 So.2d 310 (La.App. 2 Cir.), *writ denied*, 457 So.2d 1194 (La.1984); *Mayfield v. Cas. Reciprocal Exch.*, 442 So.2d 894 (La.App. 3 Cir.1983), *writ denied*, 445 So.2d 1230 (La.1984); *Braud v. Dixie Mach. Welding & Metal Works, Inc.*, 423 So.2d 1243 (La.App. 5 Cir.1982), *writ denied*, 430 So.2d 77 (La.1983); *Fox v. Commercial Union Ins. Co.*, 413 So.2d 679 (La.App. 3 Cir.1982); *Gray v. Margot, Inc.*, 408 So.2d 436 (La.App. 1 Cir.1981); and *Carlisle v. State Through DOTD*, 400 So.2d 284 (La.App. 3 Cir.), *writ denied*, 404 So.2d 1256 (La.1981).

> In *Carlisle*, the plaintiff sustained personal injuries as a guest passenger in a fellow employee's vehicle involved in an accident and sought recovery against, among others, two UM carriers. This court concluded that the plaintiff had no cause of action against the UM carriers because "[u]insured motorist coverage is contingent upon there being liability by an uninsured or underinsured motorist," and because the plaintiff had no cause of action against the fellow employee due to the statutory immunity provided by La.R.S. 23:1032, he had no cause of action against the UM carriers. *Id.* at 287. Citing the fourth circuit decision in *Bolton*, 692 So.2d 1113, this court followed the same reasoning set forth in *Carlisle* in *Sunda v. United Serv. Auto. Ass'n*, 00–1425 (La.App. 3 Cir. 5/23/01), 787 So.2d 553, *writ denied*, 01–1835 (La.10/26/01), 799 So.2d 1142.

Thus, it is well settled in our jurisprudence that where there is no underlying uninsured or underinsured person from whom the plaintiff is legally entitled to recover, due to the immunity provision of La.R.S. 23:1032, the plaintiff's UM insurer is not legally liable to him. That being the case, we decline to ignore the established law and grant Ms. Hebert the relief she requests on this basis.

Ms. Hebert also asserts that, notwithstanding the established jurisprudence unfavorable to her, Western World is an exception to that jurisprudence in that it is a "third person" liable to her under the supreme court holding in *Travelers*, 656 So.2d 1000. This approach is viable, she argues, because of the language in *Travelers* holding that in some situations an employers'[] UM insurer is a third person legally liable to pay an employee damages arising from a work-related accident. We find no merit in this argument as it misapplies *Travelers*.

The *Travelers* decision involves application of La.R.S. 23:1101. That particular statute addresses the rights of an injured employee and the party responsible for paying workers' compensation benefits arising from that injury to recover their respective losses. Louisiana Revised Statute[s] 23:1101(A) specifically provides that the payment of workers' compensation benefits does not affect an injured employee's right to recover damages from a third person causing the injury giving rise to the benefit payments. Additionally, La.R.S. 23:1101(B) provides that one who has paid workers' compensation benefits, or has become obligated to pay such benefits, to an injured employee may bring suit against a third person who caused the injury to recover for the benefits paid or to be paid. *See also, Landry v. Martin Mills, Inc.*, 98–1395 (La.App. 3 Cir. 3/3/99), 737 So.2d 58, *writ denied*, 99–957 (La.6/4/99), 744 So.2d 625.

A "third person" for the purpose of this statute is defined in La.R.S. 23:1101(A) as a person who has "a legal liability to pay damages" to the injured worker. Specifically excluded from that definition is "those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032." *Id*. In *Travelers Ins. Co.*, 656 So.2d 1000, the supreme court was called upon to determine if the workers' compensation carrier could recover from the employer's UM carrier workers' compensation benefits paid to a covered employee injured in an automobile accident. The employee had been injured by an uninsured/underinsured motorist who was not a fellow employee. The supreme court concluded that, absent an express exclusion in the UM policy issued to the employer, the UM carrier was a "third person" under the definition of La.R.S. 23:1101, and the workers' compensation carrier could recover the benefits paid to the injured employee from the UM carrier.

The significant distinction between the facts of our present case and the facts in *Travelers* is that the uninsured motorist in *Travelers*

was a third person, while in our present case Mr. Begnaud is a co-employee. The uninsured motorist in our present case has an immunity that the uninsured motorist in *Travelers* did not have. This distinction is clear from the following language in *Johnson v. Fireman's Fund Ins. Co.*, 425 So.2d 224 (La.1982), a decision addressed in the *Travelers* opinion:

> Because the employer is entitled to proceed against a "third person" for reimbursement for compensation paid, it is important to ascertain who is a "third person" for these purposes. The worker compensation statute provides that when an employee's work-related injury creates a legal liability to pay damages in some person, other than those listed in La.R.S. 23:1032, that person is a "third person." La.R.S. 23:1101. The parties excluded from the category of third persons by reference to La.R.S. 23:1032 are those persons against whom compensation is the employee's exclusive remedy, such as the claimant's employer, co-employees, principal, principal's employer, partner, or employee of such employer, director of stockholders of employer or principal. See La.R.S. 23:1032. Accordingly, a "third person" is anyone who is legally liable to pay an employee damages because of his injury who is not included within the list of classifications provided by La.R.S. 32:1032. Such a "third person" is amenable to suit by the employer's worker compensation insurer by virtue of the insurer's statutory subrogation to all rights and actions to which the employer is entitled. La.R.S. 23:1162.

*Johnson*, 425 So.2d at 227[.]

As was the case in *Travelers*, in *Johnson* neither the uninsured motorist carrier for the employer nor for the injured employee came within the classifications of La.R.S. 23:1032. Thus, they did not qualify as "third persons" because they were not legally liable to pay the employee damages because of his work-related automobile accident.

As noted above, *Hebert*, 984 So.2d 952, was issued by an en banc panel of this court and is the controlling law of this circuit. In the light of the well-settled law discussed above, because the Plaintiffs could not recover tort damages against Ms. Laseter as a co-employee due to the statutory immunity provided by La.R.S. 23:1032, they may not recover against State Farm as their UM carrier. State Farm

is clearly entitled to judgment as a matter of law in this matter. The summary judgment was properly granted by the trial court below, and Plaintiffs' suits to recover tort damages from State Farm was properly dismissed with prejudice.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.